Billy WAGNER et al., Appellants,

v.

ESTATE of Eugene Dixon DUNCAN, Deceased, Appellee.

No. 19046.

Court of Civil Appeals of Texas, Dallas.

Jan. 14, 1977.

Rehearing Denied Feb. 10, 1977.

Ralph W. Currie, William J. Neilon, Jr., Dallas, for appellants.

Roy J. True, True & Zable, Dallas, for appellee.

AKIN, Justice.

This is an appeal from an order admitting to ancillary probate in Texas a will previously probated in New Hampshire. The application for ancillary probate alleged that the decedent was domiciled in New Hampshire. The probate court also granted letters testamentary to the executor appointed by the New Hampshire court and denied appellants the right to contest the ancillary probate. One of the grounds upon which the contest was predicated was that the decedent was domiciled in Texas rather than New Hampshire. The question presented is whether appellants have the right to contest the domicile of the decedent before the foreign will is admitted to probate or whether the foreign will should be admitted and appellants then required to file a suit to set the probate aside. Because we hold that the Probate Code requires that the will be admitted to probate as a ministerial act without any prior court proceeding in this state, the judgment of the probate court is affirmed insofar as it admits the foreign will to probate and issues letters testamentary to the foreign executor.[1] However, because we also hold that a proceeding to determine decedent's domicile may be instituted at any time after the foreign will is properly filed and recorded, we reverse that part of the probate court's order denying appellants the right to file their contest to determine the domicile of the decedent. Accordingly, this cause is remanded to the probate court with instructions to entertain proceedings to determine the decedent's domicile.

---

1. Actually, the will should have been filed and recorded by the clerk as a ministerial act under Tex.Prob.Code Ann. § 95(d)(1) (Vernon Supp. 1976). This section provides that no court order is required. Since the statute does not prohibit a court order, it does not affect the validity of the ancillary probate. However, the mandate that the act is a ministerial one should apply to action taken by the court as well as the clerk.

This controversy arose when Millard L. Drake, executor of the Estate of Eugene Dixon Duncan under a will admitted to probate in New Hampshire, filed application for ancillary probate in Texas pursuant to Tex.Prob.Code Ann. § 95(d)(1) (Vernon Supp.1976).[2] Appellants, undisputedly interested parties under section 10, attempted to contest the application on the grounds that the decedent was not a domiciliary of New Hampshire and that Drake exercised undue influence upon the decedent. The court refused to allow the contest to be filed; however, the probate court's order recites that this refusal is "without prejudice to their right to file suit to set aside probate of said will." Later on the same day, the court entered an order admitting the will to probate as a foreign will and issued letters testamentary to the foreign executor.

■■■ Appellants argue that it was error for the court to admit the foreign will to probate and to grant the foreign executor letters testamentary without first entertaining appellants' contest. Their attack is two-pronged: (1) that under section 10 any interested party may file opposition in a matter pertaining to an estate "before any issue in any proceeding is decided upon by the court;" and (2) that there is no evidence in the record that the decedent was domiciled in New Hampshire. We cannot agree with the first contention and hold the second is immaterial. Section 95(d)(1) provides:

> If the will has been probated or established in the jurisdiction in which the testator was domiciled at the time of his death, *it shall be the ministerial duty of the clerk* to record such will and the evidence of its probate or establishment in the minutes of the court. *No order of the court is necessary.* When so filed and recorded, the will shall be deemed to be admitted to probate, and shall have the same force and effect for all purposes as if the original will had been probated by order of the court, subject to contest in

the manner and to the extent hereinafter provided. [emphasis added]

Obviously, since this statute contemplates that the clerk shall ministerially file the foreign will upon application, no action by the court is necessary and no evidentiary hearing is contemplated. Section 10 is specifically limited to "any issue in any proceeding [to be] decided upon by the court;" since no hearing by the court is provided for in this statute, section 10 is not applicable. It is likewise immaterial that the foreign court proceedings contain no explicit finding that the decedent was domiciled in New Hampshire. If a finding of domicile by the foreign court is required, then the clerk would have to interpret the foreign court's order to determine if such a finding was made. For example, the New Hampshire order recites only that the decedent was "late of Chester, New Hampshire." A clerk's determination of whether this was equivalent to a finding of domicile would be beyond his ministerial powers. Additionally, if a finding of domicile is required and the foreign court neglects to recite such a finding in its order, this would preclude it from being filed and recorded under section 95(d)(1), despite the fact that the only condition prescribed by the statute—that "the will has been probated or established in the jurisdiction in which the testator was domiciled at the time of his death"—has been satisfied. Furthermore, a contest of the application to admit a foreign will to probate on the basis of prior proceedings held in the decedent's domicile is not the proper procedure for litigating the question of domicile. That question may only be litigated pursuant to section 100(b), and if appellants prevail, the Texas probate will be set aside. Section 100(b) states:

> If a will *has been probated* in this State in accordance with the procedure applicable for the probate of a will that has been admitted in the state of domicile, without the service of citation required for a will admitted in another jurisdiction that is not the domicile of the testator, and *it is proved that the foreign jurisdiction in*

---

**2.** All citations are to Tex.Prob.Code Ann. unless otherwise specified.

*which the will was probated was not in fact the domicile of the testator,* the probate in this State shall be set aside. [emphasis added]

▮ We hold that a will filed and recorded pursuant to section 95(d)(1) has been probated within the meaning of section 100(b). There is no requirement, however, that the estate be distributed before the court may determine domicile. Therefore, a proceeding to determine domicile is proper at any time after the will is filed and recorded. Our reading of these statutes is supported by the language of section 95(f), which provides that anyone who purchases property, in good faith and for value, from the personal representative will not lose his right or title to the property purchased because the probate in this state is later set aside if the purchase is made before any proceeding to determine the decedent's domicile is commenced. This section obviously contemplates that the question of domicile may be litigated before all property is distributed pursuant to the probate in this state. Otherwise, the language requiring that the good-faith purchase be made "prior to the commencement of the proceeding" would be superfluous.

▮ Appellants also contend that the probate court erred in issuing the letters testamentary to the foreign executor because section 10 provides that an interested party may file opposition to any matter pertaining to an estate at any time "before any issue in any proceeding is [determined] by the court," including the issue of domicile. We do not so read section 10. As we read section 10, it means that any interested party may file opposition to the particular proceeding before the court and a hearing must be had thereon before any issue in that proceeding is decided by the court. Therefore, after a foreign will is probated under section 95, section 105 mandates that the foreign executor shall be entitled to letters testamentary upon proof that he qualified in the foreign jurisdiction and is not disqualified in this state. Thus, with respect to the issuance of letters to a foreign executor, a contest under section 10 is limited to the issues set forth in section 105, although, of course, such letters must be revoked if a contest of domicile is successful. Accordingly, we hold that the probate court did not err in issuing letters testamentary without first determining the decedent's domicile.

▮ Appellants further argue that the New Hampshire executor is likely to remove the assets of the estate beyond the jurisdiction of the probate court if letters are issued before a determination of domicile is made. Therefore, they insist that if they ultimately prevail upon the question of domicile and the Texas probate based on the New Hampshire order is set aside, they will likely encounter difficulty and undue expense in pursuing the assets in another state against a nonresident. Moreover, appellants may be wholly without remedy if the courts of the other state do not recognize the determination of domicile by the Texas court. We agree, therefore, that Texas residents who are interested in an estate should have some sort of protection against removal of assets by a foreign executor pending contest of the domicile issue. A logical remedy would be to require the executor to file a bond before he can remove assets from the state, but section 215 of the Code, which is the only provision authorizing the court to require a bond of an executor exempted by the will from giving bond, does not include this situation among the grounds specified. Consequently, any power to restrain the executor in this respect must be found in the general equitable powers of the court. Whether appellants have grounds for such equitable relief is a question not now before us. We hold only that when a will is filed as a foreign will under section 95 and the foreign executor's qualifications are established, the pendency of a contest of domicile does not in itself prevent the filing of the will as a foreign will or suspend the executor's right to issuance of letters testamentary.

▮ Although appellants' attempt to contest the application for probate was not technically the proper procedure under the

Probate Code to determine domicile, the pleading adequately apprised appellee that appellants were contending that New Hampshire was not the decedent's domicile. As such, it was entitled to be filed as soon as the foreign will was filed and recorded. Tex.R.Civ.P. 71. We remand, therefore, this cause to the probate court for proceedings to determine domicile. Otherwise, the order is affirmed.