**Maria Cristina Brittingham–Sada de AYALA, Appellant,**

**v.**

**Ana Maria de la Fuente de BRITTING-HAM, Executrix of the Estate of Juan Roberto Brittingham–McLean, Deceased; The Estate of Juan Roberto Brittingham–McLean; and John R. Brittingham Aguirre, Appellees.**

No. 04–01–00204–CV.

Court of Appeals of Texas, San Antonio.

July 2, 2003.

Rehearing Overruled Jan. 6, 2004.

W. Wendell Hall, Rosemarie Kanusky, Fulbright & Jaworski L.L.P., C.M. Zaffirini, Zaffirini & Castillo, Laredo, for appellant.

Bruce J. Werstak, III, Sames & Werstak, L.L.P., Alberto Alarcon, Guillermo G. Alarcon, A. Federico Longoria, III, Hall, Quintanilla & Alarcon, L.C., Jesus M. Dominguez, Law Office of Jesus M. Dominguez, Laredo, Patton G. Lochridge, McGinnis, Lochridge & Kilgore, L.L.P., Austin, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, PAUL W. GREEN, Justice, PHIL HARDBERGER, Chief Justice (Retired).[1]

## ON MOTION FOR REHEARING

Opinion by PAUL W. GREEN, Justice.

The appellees' motion for rehearing is granted. This court's opinion and judgment issued March 13, 2002 are withdrawn and the following is substituted.

* * *

The County Court at Law of Webb County, Texas, sitting as a probate court, admitted the will of Juan Roberto Brittingham–McLean (Don Juan) to ancillary probate and issued ancillary letters testamentary to the appellee, Ana Maria de la Fuente de Brittingham, wife of the deceased (Brittingham). Brittingham filed suit against a number of Don Juan's heirs, including appellant, Maria Christina Brittingham–Sada de Ayala (Ayala), claiming the heirs wrongfully appropriated over $60,000,000.00 in assets from Don Juan's estate. Ayala filed a motion to dismiss the Texas probate action, claiming the Webb County probate court has no subject matter jurisdiction over Brittingham's claims, or in the alternative, a motion to remove Brittingham as executrix of the estate in Texas. The trial court denied both motions, and Ayala filed this appeal.

Brittingham contends this court has no jurisdiction over Ayala's appeal because the probate court's order is not final for purposes of appeal. We hold we have jurisdiction over the appeal. We affirm the trial court's order admitting the will to probate; however, we reverse the trial court's order appointing Brittingham executrix of the estate in Texas and remand for further proceedings.

### Background and Procedural History

Don Juan, a resident of Mexico, died in Mexico on January 14, 1998. The two executors named in Don Juan's will, Harold Turk and Raul Hernandez–Garcia (Hernandez), submitted the will for probate in Mexico on January 28, 1998. The

1. Hardberger, C.J. Retired, not participating.

executors then withdrew funds deposited in a Laredo, Texas bank account and distributed them to Don Juan's heirs as per Don Juan's instructions. Don Juan had also funded two foreign companies, Sandfern (an Irish company) and Jubrico (a British Virgin Islands company), but he owned no record interest in those companies at the time of his death. However, Turk and Hernandez, as sole shareholders of Sandfern and Jubrico, distributed the assets held by those companies to the heirs in accordance with prior instructions from Don Juan. Hernandez testified that by the end of March 1998, neither the estate nor the two foreign companies held any assets in Texas.

In March 1998, both Turk and Hernandez resigned as executors. After Turk and Hernandez made their distributions and resigned as executors, two of Don Juan's heirs filed multi-million dollar claims against the estate in Mexico based on loans allegedly made to Don Juan. The record reflects that if these debts are validated and paid, the estate may lack sufficient funds to pay taxes and fulfill the bequests in the will.

In February 1999, Brittingham sued Don Juan's estate in Mexico, seeking to set aside her marital agreement with Don Juan and asserting a community property claim to assets of Don Juan's estate. The Mexican court denied her claim, and an appeal is pending. The Mexican probate is also still pending. According to witnesses, no inventory has been completed in Mexico, no debts have been paid, and no distribution has been made. The successor executor appointed by the Mexican court has tendered his resignation but he has not yet been released from his appointment by the court.[2]

In August 2000, Brittingham filed an application for ancillary probate of Don Juan's will in Webb County, Texas.[3] The probate court admitted the will to probate and issued ancillary letters testamentary naming Brittingham as executrix and requiring her to file a bond. Thereafter, Brittingham filed suit against Ayala and other heirs to Don Juan's estate, claiming, among other things, they illegally withdrew some $60–70,000,000.00 from the assets of the estate. John R. Brittingham Aguirre (Aguirre) intervened in the Texas probate action, tendering his claim against the estate for approximately $11,000,000 based on a 1994 loan he made to Don Juan. Ayala filed motions to dismiss the entire ancillary probate proceeding for lack of subject matter jurisdiction and, in the alternative, to remove Brittingham as executrix of the estate. The trial court denied both motions and confirmed Brittingham as executrix of the estate.

## Appellate Jurisdiction

We must first determine whether the probate court's order is final for purposes of appeal. An appealable order in a probate proceeding need not be one which fully and finally disposes of the entire probate proceeding. *Crowson v. Wakeham*, 897 S.W.2d 779, 781–82 (Tex.1995). A probate proceeding consists of a continuing series of events, in which the probate court may make decisions at various points in the administration of the estate on which later decisions will be based. *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex.App.-Austin 2000, pet. denied). "The need to review controlling, intermediate decisions

2. Because no successor executor was named in the will, the Mexican probate court appointed Jose Flores–Zaher Diab as successor executor.

3. Ms. Brittingham's application for ancillary probate was brought under Tᴇx. Pʀᴏʙ.Cᴏᴅᴇ Aɴɴ. § 95 (Vernon 2003).

before an error can harm later phases of the proceedings has been held to justify modifying the 'one final judgment rule' " in probate proceedings. *Id.* at 688.

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson,* 897 S.W.2d at 783. Thus, the question becomes whether the order at issue "disposed of each issue raised in the pleadings for that proceeding, or whether the order conclusively disposed of that phase of the proceeding." *Logan,* 21 S.W.3d at 688.

█ In this case, the Webb County probate court order addresses all the relief requested by Ayala's motion, resolves the question of subject matter jurisdiction, and confirms the admission of the will to probate and the appointment of Brittingham as executrix, overruling objections about her capacity to be appointed. Applying *Crowson,* we hold the probate court's order completes the initial phase of the probate proceeding and is final for purposes of appeal. *See Crowson,* 897 S.W.2d at 783; *Logan,* 21 S.W.3d at 688; *In re Estate of Vigen,* 970 S.W.2d 597, 598–99 (Tex. App.-Corpus Christi 1998, no pet.); *Kay v. Sandler,* 718 S.W.2d 872, 873–74 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). Appellees' motion to dismiss the appeal for lack of jurisdiction is denied.

### Subject Matter Jurisdiction

█ The burden to establish subject matter jurisdiction in the trial court lies with the plaintiff. *Amador v. San Antonio State Hosp.,* 993 S.W.2d 253, 254 (Tex. App.-San Antonio 1999, pet. denied). Although the trial court should look primarily to the plaintiff's pleadings, the trial court may hear evidence regarding jurisdiction as necessary. *Bland I.S.D. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). The trial court should avoid making rulings on the merits of the case while determining subject matter jurisdiction. *Id.* We review the trial court's legal conclusions on subject matter jurisdiction *de novo. Spindletop MHMR v. Doe,* 54 S.W.3d 893, 895 (Tex.App.-Beaumont 2001, pet. denied). If the trial court has made findings of fact in connection with its review of jurisdiction, we review those findings for sufficiency of the evidence. *Lonza AG v. Blum,* 70 S.W.3d 184, 189 (Tex.App.-San Antonio 2001, pet. denied).

When assets of a foreign estate lie in Texas, Section 95 of the Texas Probate Code allows a foreign will to be admitted to ancillary probate proceedings in Texas to establish title to the Texas property. TEX. PROB.CODE ANN. § 95(a) (Vernon 2003). The proponent must offer the "written will of a testator who was not domiciled in Texas at the time of his death which would affect any real or personal property in this State." *Id.* The proponent must prove the will "stands probated or established in any of the United States, its territories, the District of Columbia, or any foreign nation." *Id.* Upon proper proof, the admission of the will is ministerial. No prior citation or service is required. TEX. PROB. CODE ANN. § 95(b)(1) (Vernon 2003); *Wagner v. Duncan's Estate,* 546 S.W.2d 859, 861–62 & n. 1 (Tex.Civ.App.-Dallas 1977, no writ). Once the will is admitted to probate under section 95, the will is "effectual to dispose of both real and personal property in this State." TEX. PROB.CODE ANN. § 95(e).

The probate of a foreign will is dependent upon the existence of property in Texas belonging to the estate. *See De Tray v. Hardgrove*, 52 S.W.2d 239, 240 (Tex. Comm'n App.1932, jdgm't adopted); *Owen v. Younger*, 242 S.W.2d 895, 898 (Tex.Civ.App.-Amarillo 1951, no writ). "The word 'property' as here used[ ] mean[s] either specific property found or a right of action for debt or unliquidated damages to which such estate may be entitled." *See Cooper v. Gulf, C. & S.F. Ry. Co.*, 41 Tex.Civ.App. 596, 604, 93 S.W. 201, 204 (Tex.App.-Dallas 1906, writ ref'd). A suit to recover possession of or collect damages for the conversion of estate property is one such right of action. *See Lucik v. Taylor*, 596 S.W.2d 514, 516 (Tex. 1980); *see also* TEX. PROB.CODE ANN. § 233A (Vernon 2003)(granting personal representatives the right to file suit to recover personal property). However, a foreign representative is not authorized to pursue such claims until he or she qualifies as personal representative of the estate in Texas. *See Estate of Nelson v. Neal*, 764 S.W.2d 322, 326 (Tex.App.-Texarkana 1988), *aff'd*, 787 S.W.2d 343 (Tex. 1990); *Hare v. Pendleton*, 214 S.W. 948, 953–54 (Tex.Civ.App.-Texarkana 1919), *reversed on other grounds*, 231 S.W. 334 (Tex. Comm'n App.1921, judgm't adopted). Therefore, when a potential cause of action exists in this state for recovery of assets of the estate that may have been located in this state at the time of death, we conclude the Texas probate court has jurisdiction over an ancillary probate proceeding for the purpose of facilitating the characterization and recovery of those assets. *See Smith v. Lanier*, 998 S.W.2d 324, 332–33 (Tex.App.-Austin 1999, pet. denied) (the probate court is not prohibited from exercising jurisdiction· when property existing in the state at the time of death has been removed by accident or fraud).

In this case, after submitting Don Juan's will for probate in Mexico, Turk and Hernandez distributed certain assets located in Texas. Hernandez testified that although the assets were not in Don Juan's name, nevertheless, the assets were Don Juan's property. Hernandez further testified that the assets in Texas were not distributed in accordance with the terms of the will but according to separate instructions left by Don Juan. This testimony is sufficient to support a finding that potential assets of Don Juan's estate existed in the state of Texas at the time of his death and those assets may not have been distributed in accordance with the will. The Webb County probate court concluded it had jurisdiction over the ancillary proceeding because Brittingham's claim against Ayala and the other defendants for recovery of those assets on behalf of the estate "constitutes an asset of the Estate of Juan R. Brittingham with its situs in Texas." We agree. We overrule Ayala's issue regarding the jurisdiction of the trial court and affirm the trial court's order admitting the will to probate.

### Appointment of the Executrix

In her second issue, Ayala complains of the trial court's failure to remove Brittingham as executrix of the estate in Texas.[4] The probate court may remove a personal representative when she "becomes incapable of properly performing the duties of [her] trust." TEX. PROB.CODE ANN. § 222(b)(5) (Vernon 2003). The par-

---

4. Ayala also complains that Brittingham is not entitled to be appointed as an independent executrix but, at most, may serve as a dependent administrator of the estate. Because we reverse the trial court's order denying Brittingham's removal as executrix, we need not reach this issue.

ty seeking removal of the representative has the burden of proof at trial. *See Sammons v. Elder*, 940 S.W.2d 276, 283 (Tex. App.Waco 1997, pet. denied).

We review a trial court's order confirming or removing an executrix under an abuse of discretion standard. *See Lee v. Lee*, 47 S.W.3d 767, 789 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). "An abuse of discretion occurs when the trial court makes a legally unreasonable determination given the factual-legal context in which it was made." *Id.* We will not overturn the trial court's decision merely because we might have reached the opposite conclusion, but will do so when the trial court's decision is "arbitrary, unreasonable, and without reference to any guiding rules and principles." *Id.* at 786 (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997)).

As an initial matter, we must consider what factors may cause a personal representative to "become incapable of properly performing." Brittingham argues that she cannot be removed for mere unsuitability. However, our sister courts have not construed section 222 removal so narrowly. "The word 'incapable' cannot be limited in its application to the mere case of mental or physical incapacity. It must be understood to include the idea of unfitness and unsuitableness." *Haynes v. Clanton*, 257 S.W.2d 789, 791 (Tex.Civ. App.-El Paso 1953, writ dism'd by agrmt.). Conflict between the interests of the executor and the interests of the estate is one of those factors that is not enumerated in the statute, but which courts have considered as a basis for removal of an executor. *Id.* at 792; *see also In re Estate of Vigen*, 970 S.W.2d at 600–01 (creditor not suitable

as executor because circumstances surrounding the debt were open to challenge); *Bays v. Jordan*, 622 S.W.2d 148, 149–50 (Tex.App.-Fort Worth 1981, no writ) (executor asserting personal ownership over part of estate property disqualified); *Hitt v. Dumitrov*, 598 S.W.2d 355, 356 (Tex.Civ. App.-Houston [14th Dist.] 1980, no writ) (conflict of interest warranted representative's removal as it rendered him incapable of properly performing his duty).

In this case, Brittingham has filed suit in Mexico seeking to set aside her marital agreement and claim part of the estate as her community property. This type of conflict has been held to disqualify a surviving spouse as executrix. *See Street v. Skipper*, 887 S.W.2d 78, 83 (Tex. App.-Fort Worth 1994, writ denied); *Ayala v. Martinez*, 883 S.W.2d 270, 272 (Tex. App.-Corpus Christi 1994, writ denied); *Formby v. Bradley*, 695 S.W.2d 782, 785 (Tex.App.-Tyler 1985, writ ref'd n.r.e.).[5]

There are other special circumstances in this case. Brittingham has sued her stepchildren and step-grandchildren, claiming they coerced or defrauded the executors of Don Juan's will into wrongfully distributing assets that should have been gathered and dispersed as part of the estate. Brittingham herself has been sued by Ayala for a debt allegedly owed to Ayala by the estate. The estate may have claims against the former executors based on their distribution of the disputed assets, however, the evidence suggests Brittingham has reached an agreement not to sue with at least one of those persons. Given the discord and conflicts between the family members and the conflicting interests of the estate, the beneficiaries, creditors, and

---

5. *Street, Ayala,* and *Formby* involve the initial appointment of an executrix rather than removal. However, unfitness and unsuitability are factors which may be examined in both an initial appointment and a section 222 removal. Therefore, we consider cases examining those factors to be instructive in our review.

Brittingham, the trial court's order denying the motion to remove Brittingham as executrix is unreasonable. *See Dean v. Getz,* 970 S.W.2d 629, 634 (Tex.App.-Tyler 1998, no writ) (citing family discord and other litigation as factors against appointment of executor). As the *Haynes* court stated, "Clearly, one whose personal interests are so adverse to those of the estate or the beneficiaries thereof that both cannot be fairly represented by the same person is not a proper person to administer the estate." *Haynes,* 257 S.W.2d at 792.[6]

We reverse the trial court's order denying the motion to remove Brittingham as executrix and remand for further proceedings.[7]

### Conclusion

Because the Webb County probate court's order disposed of all the issues in the initial phase of the proceeding setting up an ancillary administration, we hold the order is final for purposes of appeal and this court has jurisdiction. We deny the motion to dismiss the appeal.

Furthermore, because there is evidence that the estate has a potential claim for assets that were removed from the State of Texas, we affirm the trial court's order admitting the will to ancillary probate in Webb County, Texas. We reverse the trial court's order appointing appellee Ana Maria de la Fuente de Brittingham executrix of the estate in Texas and render the order the trial court should have issued removing her from that position. The

cause is remanded for further proceedings consistent with this opinion.

---

6. Brittingham argues that her community property claim was brought only in conjunction with the Mexican probate action and does not affect her ability to perform her duties with respect to the Texas proceeding. However, the estate must be viewed as a whole; each executor or administrator, no matter where they are located, owes the same duties to creditors and beneficiaries of the estate and is governed by the terms of the will in the distribution of the estate. *See Pendleton,* 231 S.W. at 336–37.

7. Because we hold that Brittingham must be removed due to conflict of interest, we need not reach Ayala's contention that Brittingham committed "gross misconduct" by misleading the trial court as to the status of the Mexican probate proceedings and her own qualifications as executrix.