IN THE SUPREME 
COURT OF TEXAS
 
════════════
No. 04-0160
════════════
 
Maria 
Cristina Brittingham-Sada de Ayala, Petitioner
 
v.
 
Kevin 
Michael Mackie, Adminstrator of the Ancillary Estate of Juan Roberto 
Brittingham-McLean, Deceased, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Fourth District of Texas
════════════════════════════════════════════════════
 
Argued March 22, 
2005 
 
Chief Justice Jefferson delivered the 
opinion of the Court.
 
Justice O’Neill and Justice Green did not participate in 
the decision.
 
Maria Cristina 
Brittingham-Sada de Ayala (“Ayala”), defendant below, 
alleged that the trial court lacked subject matter jurisdiction over this 
ancillary probate proceeding involving the estate of her father, a Mexican 
testator whose will was probated in Mexico. The trial court denied Ayala’s 
motion to dismiss, and she pursued an interlocutory appeal. The court of appeals 
concluded it had jurisdiction over the appeal, and the parties now agree. 
Because we disagree, we reverse the court of appeals’ judgment and dismiss the 
appeal. 
I
Factual 
Background
 
 
Juan Roberto 
Brittingham McLean (“Brittingham”), a Mexican resident, died testate in 
Mexico on January 14, 1998. His will 
was admitted to probate in a Mexican court, and two executors, Raul Hernandez 
Garcia and Harold Turk, were named. Brittingham’s 
wife, Ana Maria de la Fuente de Brittingham, sued his estate in that proceeding and asked 
that court to set aside their property agreement.[1] The Mexican probate court denied her 
request, and an appeal is pending in Mexico. The Mexican 
probate proceeding remains open.
Subsequently, 
in August 2000, Ms. Brittingham filed an application 
to have Brittingham’s will admitted to probate in 
Texas, as she alleged that he owned personal property (described as bank 
deposits, portfolio investments, and claims against third parties) in Webb 
County. Later that month, the trial court issued ancillary letters testamentary 
to Ms. Brittingham, naming her the independent 
executor of Brittingham’s estate (the “Estate”). On 
behalf of the Estate, Ms. Brittingham sued Brittingham’s daughters and grandchildren (who, pursuant to 
Brittingham’s will, were the beneficiaries of 
ninety-five percent of his residuary estate), accusing them of pillaging the 
Estate’s assets. Brittingham’s only son, John R. Brittingham Aguirre (“Aguirre”), intervened, alleging an 
interest as a creditor of the Estate.[2] 
Ayala moved to 
dismiss the ancillary probate proceeding for lack of subject matter jurisdiction 
or, alternatively, to have Ms. Brittingham removed as 
executor. The trial court denied the motion, and Ayala appealed.
 
The Estate and 
Aguirre moved to dismiss the appeal for lack of appellate jurisdiction. Citing 
Crowson v. Wakeham, they argued that, because numerous pleadings 
and issues remained pending in the trial court, the trial court’s order was an 
unappealable interlocutory order. See Crowson, 897 S.W.2d 779 
(Tex. 1995). 
The court of appeals disagreed and concluded that it had jurisdiction. 131 S.W.3d 3, 7. Relying on Crowson, the court noted that the probate court order 
addressed all the relief requested by Ayala’s motion, resolved the question of 
subject matter jurisdiction, and confirmed both the admission of the will to 
probate and the appointment of Ms. Brittingham as 
executor. Id. Thus, the court held that the 
probate court’s order “complete[d] the initial phase of the probate proceeding 
and [was] final for purposes of appeal.” Id. The court then held that the trial 
court had subject matter jurisdiction over the ancillary probate proceeding, but 
that Ms. Brittingham should be removed as executor due 
to a conflict of interest. Id. at 8-9.
After the 
court of appeals issued its opinion, Ms. Brittingham 
resigned as representative of the ancillary estate and withdrew from the 
litigation. Subsequently, Roberto Tijerina, the 
Mexican estate’s successor independent executor, applied to be named Ms. Brittingham’s successor in the Texas case. On April 14, 
2004, the trial court denied Tijerina’s application 
and appointed Kevin Michael Mackie as the Estate’s successor administrator. 
Mackie has entered an appearance on behalf of the Estate in this matter. 
II
Appellate 
Jurisdiction 
 
We first 
consider whether the court of appeals had jurisdiction over Ayala’s appeal, even 
though respondents apparently no longer contest that jurisdiction.[3] See Univ. of Tex. Med. Branch v. 
Barrett, 159 S.W.3d 631, 633 n.8 (Tex. 2005). 
Generally, appeals may be taken only from final judgments. Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 
2001). Probate proceedings are an exception to the “one final 
judgment” rule; in such cases, “multiple judgments final for purposes of appeal 
can be rendered on certain discrete issues.” Id. at 192. The need to review “controlling, intermediate 
decisions before an error can harm later phases of the proceeding” has been held 
to justify this rule. Logan v. McDaniel, 21 S.W.3d 683, 
688 (Tex.App.‑Austin 2000, pet. denied). Not 
every interlocutory order in a probate case is appealable, however, and determining whether an otherwise 
interlocutory probate order is final enough to qualify for appeal, has proved 
difficult. 
 
In the past, 
courts relied on the “substantial right” test to decide whether an ostensibly 
interlocutory probate order had sufficient attributes of finality to confer 
appellate jurisdiction. See, e.g., Huston v. F.D.I.C., 
800 S.W.2d 845, 848 (Tex. 1990); Estate of Wright, 676 
S.W.2d 161, 163 (Tex. App.BCorpus Christi 1984, 
writ ref’d n.r.e.). 
Under that standard, once the probate court adjudicated a “substantial right,” 
the order was appealable. That phrase soon became a 
fruitful source of litigation as appellate courts struggled to delineate its 
parameters. Eleven years ago, we attempted to clarify appellate jurisdiction in 
this complex area. See Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex. 1995) (acknowledging 
that “our language heretofore has been somewhat ambiguous”). We noted that, 
while adjudication of a “substantial right” was one factor to be considered, 
equally important was our earlier precedent requiring that the order dispose of 
all issues in the phase of the proceeding for which it was brought. Id. at 
782-83. To sidestep “potential confusion” about the appropriate test for 
jurisdiction, we adopted this test:
 
If there is an 
express statute, such as the one for the complete heirship judgment, declaring the phase of the probate 
proceedings to be final and appealable, that statute 
controls. Otherwise, if there is a proceeding of which the order in question may 
logically be considered a part, but one or more pleadings also part of that 
proceeding raise issues or parties not disposed of, 
then the probate order is interlocutory.
 
Id. at 
783. Recognizing the inherent difficulties in applying any test to 
determine appealability, we urged parties to seek 
severance orders to eliminate ambiguities about whether the order was intended 
to be final and appealable. Id. at 783 
(explaining that “[l]itigants can and should seek a 
severance order either with the judgment disposing of one party or group or 
parties, or seek severance as quickly as practicable after the judgment”). 
 
The parties in 
this case did not seek a severance before appealing the order. They could hardly 
be faulted, however, as an order denying a motion to 
dismiss an entire proceeding for want of subject matter jurisdiction is more 
like a prelude than a finale. It certainly does not dispose of a claim that, if 
asserted independently, would be the proper subject of a lawsuit. See Guar. 
Federal Sav. Bank v. Horseshoe Operating Co., 793 
S.W.2d 652, 658 (Tex. 1990); see also Crowson, 
897 S.W.2d at 783 (urging severance of a claim only “if it meets the severance 
criteria”); see, e.g., Forlano v. Joyner, 906 
S.W.2d 118, 120 (Tex.App.‑Houston [1st Dist.] 1995, no 
writ) (“The [venue] transfer order, on the other hand, does not resolve a 
‘claim’ at all, and is thus not severable.”); H.E. Butt Grocery Co. v. 
Currier, 885 S.W.2d 175, 177 (Tex.App.BCorpus Christi 1994, 
no writ) (holding that an order granting a motion to compel discovery could not 
be severed because it “does not address a ‘claim’ that may be severed under the 
rules”).
Moreover, 
under Crowson, the trial court’s order was 
interlocutory because it did not dispose of all parties or issues in a 
particular phase of the proceedings. Because an order denying a plea to the 
jurisdiction and refusing to remove an executor does not end a phase of the 
proceedings, but sets the stage for the resolution of all proceedings, the order 
is interlocutory. See, e.g., Fischer v. Williams, 331 S.W.2d 210, 213-14 
(Tex. 1960) (“Since the order overruling respondents’ motion to dismiss [in a 
probate proceeding] failed to finally dispose of the controverted issue [whether will contestants had shown an 
interest in the case], it, therefore, amounts to no more than an interlocutory 
order, inconclusive in its nature, made in the progress of the trial, and, 
therefore, not appealable.”); In re O’Bryant, No. 04-04-00359-CV, 2004 Tex. App. LEXIS 7147, 
at *2-*3 (Tex. App.BSan Antonio Aug. 11, 
2004, no pet.) (dismissing appeal for lack of jurisdiction, as order denying 
plea to the jurisdiction in probate case was interlocutory); Mobil Oil Corp. 
v. Shores, 128 S.W.3d 718, 721 (Tex. App.BFort Worth 2004, no 
pet.) (court of appeals lacked jurisdiction to review 
probate court’s denial of plea to the jurisdiction). 
 
The court of 
appeals did not reach Ayala’s other alleged basis for appellate jurisdiction[4]: that the trial court’s failure to remove 
Ms. Brittingham as executor was immediately appealable as an order that “overrules a motion to vacate an 
order that appoints a receiver or trustee.” Tex. Civ. Prac. & Rem. Code ' 51.014(a)(2). Accordingly, we must decide whether the Legislature 
intended by that language to give appellate courts jurisdiction over all orders 
refusing to remove estate executors. To support her contention, Ayala relies on 
our statement in Bailey v. Cherokee County Appraisal District, that “the 
administrator is designated the trustee of the estate property.” Bailey, 862 S.W.2d 581, 584 (Tex. 1993). 
The 
Legislature enacted the statute permitting interlocutory appeal of orders 
overruling motions to vacate orders appointing receivers or trustees in 1917, 
and the provision remains substantially unchanged today. See Act of March 
30, 1917, 35th Leg., R.S., ch. 168, ' 1, 1917 Tex. Gen. Laws 
379, 379 (now codified at Tex. Civ. 
Prac. & Rem. Code ' 51.014(a)(2)). At no time during the statute’s almost ninety-year 
history have we held that it applies to a motion to remove an estate’s executor. 
Our statement in BaileyCthat an 
administrator is designated trustee of estate propertyCreferred to the 
administrator’s obligation, as holder of legal title to the estate’s property, 
to pay ad valorem taxes accruing during administration. Bailey, 862 S.W.2d at 583, 586. It did not equate an 
executor to a trustee for all purposes, and there is no evidence that the 
Legislature intended to permit immediate appeals of orders refusing to remove 
estate executors. Accordingly, we conclude that section 51.014(a)(2) does not permit Ayala to pursue an interlocutory appeal 
of the trial court’s order.
Even if Crowson and section 51.014(a)(2) do not confer appellate jurisdiction, however, the 
parties are not without a basis for interlocutory appeal. Since Crowson, the Legislature has given litigants seeking 
immediate appellate review another option. On remand, if the parties and the 
trial court agree, the parties may seek a permissive interlocutory appeal. 
See Tex. Civ. Prac. & Rem. 
Code ' 
51.014(d) (authorizing trial courts to order an interlocutory appeal if (1) the 
parties agree that the order involves a controlling question of law as to which 
there is a substantial ground for difference of opinion; (2) an immediate appeal 
from the order may materially advance the ultimate termination of the 
litigation; and (3) the parties agree to the order); Liberty Mut. Ins. Co. v. Griesing, 150 
S.W.3d 640, 643 n.3 (Tex. App.BAustin 2004, pet. 
filed). Because that avenue was not invoked, however, the court of 
appeals lacked jurisdiction. 
 
 
IV
Conclusion
 
Because the 
court of appeals was without jurisdiction, we reverse the court of appeals’ 
judgment and dismiss the appeal. Tex. 
R. App. P. 
60.2(c).
 
 
 
______________________________
Wallace B. 
Jefferson       

Chief Justice 

 
OPINION 
DELIVERED:  April 21, 2006          

 






[1] The record 
contains conflicting testimony regarding whether the pertinent agreement was 
pre- or post-nuptial.

[2] Aguirre 
alleges that Brittingham executed a promissory note in 
Aguirre’s favor, in the original principal amount of 
$22,274,480.00.

[3] Aguirre’s 
brief filed in this Court and adopted by Mackie, states that “[t]he court of 
appeals properly determined its own jurisdiction over Petitioner’s interlocutory 
appeal,” although at argument the respondents asserted there were “problems” 
with jurisdiction.

[4] Although Ayala 
does not raise this argument here, she did present it to the court of appeals. 
The Estate and Aguirre did not respond to the 
argument.