Reversed and Remanded and Opinion filed January 13, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00804-CV

___________________

 

Courtney Guyton, Appellant

 

V.

 

Cynthia Ann Monteau, Appellee



 



 

On
Appeal from the County Civil Court at Law No. 3

Brazoria County,
Texas



Trial Court Cause No. PR021,888

 



 

 

OPINION

            In
this appeal from a probate proceeding, appellant Courtney Guyton challenges the
trial court’s denial of her application for appointment as successor
administratrix of her father’s estate.  Because we conclude that the trial
court abused its discretion in so ruling, we reverse and remand with
instructions to the trial court to grant Guyton’s request for appointment.

I.  Background

            After
appellee Cynthia Monteau was removed as the administratrix of her late husband’s
estate, Guyton, the child of Monteau and the decedent, applied to be named the
successor administratrix.  Monteau opposed the application on the ground that
Guyton had been convicted of a class C misdemeanor five years previously.

            Guyton was
the only witness to appear at the hearing on her application.  She testified
that she was willing to put the interests of the estate and its beneficiaries
ahead of her own personal interest and that it was her intention to fund the
trust created under the will and not to simply keep the estate’s property for
herself.  She further agreed that if she was appointed as the successor administratrix
and the attorney on behalf of the estate recommended filing suit to recover
proceeds that should not have been removed from the estate, she would do so.[1]  As to her
misdemeanor conviction five years earlier, Guyton testified that when two checks
that had been stolen from her were returned for insufficient funds, she paid
them, but she discovered that a third check was written and returned only when
she learned that a warrant had been or was about to be issued.  She stated that
she went to the police department, turned herself in, and paid the amount due
because it was the fastest, easiest way to resolve the matter.  She further
testified that if she had known about the third check earlier, she would have
paid it as she paid the two other stolen checks.  

            The trial
court concluded that the conviction was insufficient to disqualify Guyton from
appointment as successor administratrix.  After both sides rested, however, Monteau’s
counsel stated that the trial court was not limited to evidence presented at
the hearing, but could “consider what would be inimical to the interest of the
estate.”  Monteau’s counsel further asked the trial court to reopen the evidence
so the trial court could be asked to take judicial notice of its file “and all
proceedings that have taken place incident to the file.”  Over the objections
of Guyton’s counsel, the trial court granted the motion, and stated that it
would “take notice of everything that’s in the Court’s file which would include
the will, the original application, the proof of death and other facts, and all
that stuff as well as every procedure and hearing that’s taken place since.” 

            After taking
judicial notice of material spanning more than twelve-and-a-half years, the
trial court ruled that Guyton was unsuitable to serve as the successor
administratrix due to “family discord,” hostility between Guyton and her mother,
and a “potential conflict of interest” described in the trial court’s
conclusions of law as follows:

Mr. Ford represents Courtney Guyton in her individual
capacity, i.e. in filing the motion to remove and appoint herself as the
personal representative.  If Courtney Guyton were to be appointed as the
personal representative of the estate, who would the estate’s lawyer be?  It
cannot be Mr. Ford, because he cannot ethically represent Courtney Guyton
individually and the estate if they have competing interests.  Therefore,
because of this potential conflict, the estate could be required to retain
additional counsel at additional expense.

The trial court
accordingly denied Guyton’s application and, on its own motion, appointed a
local probate attorney as the dependent successor administrator.  

            Guyton obtained
original and additional findings of fact and conclusions of law and timely
appealed, arguing that the evidence is legally insufficient to support the
trial court’s finding that she is unsuitable to serve as the administratrix of
her father’s estate.[2] 


II.  Analysis

            Because they are
beneficiaries under their father’s will and his heirs at law, Courtney Guyton
and her sister have priority over any other applicant to serve as the successor
administratrix of his estate after their mother was removed from that
position.  See Tex. Prob. Code
Ann. § 77(d), (e) (Vernon 2003).  Nevertheless, a person whom the court
“finds unsuitable” is not qualified to serve as the administrator of an
estate.  Id. § 78(e).  When, as here, the applicant is among those whom
the legislature has granted priority, the party opposing the appointment has
the burden of establishing the applicant’s disqualification.  In re Estate
of Robinson, 140 S.W.3d 801, 805 (Tex. App.—Corpus Christi 2004 pet.
dism’d); Powell v. Powell, 604 S.W.2d 491, 493–94 (Tex. Civ. App.—Dallas
1980, no writ).  Thus, as the only opponent of Guyton’s appointment, Monteau
bore the burden in the trial court to prove Guyton’s unsuitability to serve as
the successor administratrix of the estate.

            Neither the
legislature nor the Texas Supreme Court has defined the term, “unsuitable” as
it is used in section 78 of the Probate Code.  See Boyles v. Gresham,
158 Tex. 158, 163, 309 S.W.2d 50, 53–54 (1958).  The determination of
suitability therefore lies within the trial court’s broad discretion.  Kay
v. Sandler, 704 S.W.2d 430, 433 (Tex. App.—Houston [14th Dist.] 1985, writ
ref’d n.r.e.).  Such discretion is not unbridled, however, and its exercise is
subject to review for abuse.  See Eastland v. Eastland, 273 S.W.3d 815,
820 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  The trial court abuses its
discretion if its determination that the applicant is unsuitable is arbitrary
or unreasonable.  Robinson, 140 S.W.3d at 807.  We find such abuse only
when the trial court’s decision is arbitrary, unreasonable, and without
reference to guiding principles.  Mercedes-Benz Credit Corp. v. Rhyne,
925 S.W.2d 664, 666 (Tex. 1996).[3] 


            Here, the
trial court’s findings of fact and conclusions of law reveal that its ruling
was made without reference to guiding principles.  Specifically, the trial
court identified three reasons, each stated as a conclusion of law, for its
ruling that Guyton is unsuitable to serve as the successor administratrix of
her father’s estate.  One reason concerns a “potential conflict of interest,” discussed
infra.  The trial court also concluded that “[t]here is ample evidence
of family discord and anger between Courtney Guyton and Cynthia Monteau, as
well as other members of the decedent’s family.”  Finally, the trial court
stated that “[t]he relationship between daughter (Applicant Courtney Guyton)
and mother (removed Executrix [sic] Cynthia Monteau) can best be described as
‘inimical.’”  

            Assuming
that family discord or an applicant’s feelings toward other members of the
decedent’s family could be a sufficient basis for disqualification,[4] we nevertheless
conclude that the trial court abused its discretion by ruling that Guyton is
unsuitable to serve as successor administratrix for any of the stated reasons. 


A.        No
allegations of anger, family discord, interests inimical to those of Monteau,
or a “potential conflict of interest” were properly before the trial court.    

            As noted, the
burden rests on those opposing an applicant’s appointment to allege and prove
grounds for disqualification.  Dooley v. Dooley, 240 S.W. 1112, 1113
(Tex. Civ. App.—Beaumont 1922, no writ).  Here, however, none of the reasons
given by the trial court for its decision was asserted by any interested
party.  Prior to the hearing, the only objection to Guyton’s appointment was
her mother’s assertion that a misdemeanor conviction five years earlier
rendered Guyton unsuitable, and the trial court rejected this as a basis for
disqualification.  After the initial close of evidence, Guyton’s counsel stated
that “the Court can consider what would be inimical to the interest of the
estate.” (emphasis added).  But, the trial court did not find that Guyton’s
appointment would be inimical to the interests of the estate, nor would the
evidence support such a finding.  Guyton’s feelings about members of her family
and the “potential conflict of interest” described by the trial court were
never placed at issue, but instead were raised by the trial court sua sponte
after the hearing and without notice to the parties.  

            To permit
the trial court on its own motion to raise additional grounds for disqualifying
an applicant would arguably shift the burden of proof from the person opposing
the application.  Cf. Robinson, 140 S.W.3d at 805; Powell,
604 S.W.2d at 493–94.  This court has stated that an opponent’s objection to an
applicant’s suitability need not be in writing, and taken out of context, the
statement could be read to suggest that the trial court can find an applicant
unsuitable on its own motion.  See In re Estate of Gaines, 262 S.W.3d
50, 57 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (“Nothing in [sections 78
or 178 of the Probate Code] requires the filing of a motion or opposition to
disqualify an applicant before the court can find a person unsuitable.”).[1] 
In Gaines, however, the independent executrix named in the decedent’s
will was disqualified by the trial court on the basis of a verbal motion by
counsel for the decedent’s brother.  Id. at 56.  Unlike the present
case, the applicant in Gaines was notified of the grounds at issue,
which were raised by an interested person and tried by consent.  See id.   

            Assuming,
however, that the trial court may find an applicant unsuitable for reasons not
asserted or argued by any interested party, there is no evidence in the record to
support the trial court’s denial of Guyton’s application.

B.        No evidence
supports the trial court’s ruling.

            The
transcript of the hearing reveals a complete absence of evidence about the
“potential conflict of interest” described by the trial court and about Guyton’s
relationship with or feelings toward any member of her family.  The findings of
fact, however, show that the trial court’s ruling was based on its judicial
notice of all documents and testimony ever admitted in this case on any
subject.[5] 


            Such
sweeping judicial notice of all documents and testimony in the twelve-year
history of the case was an abuse of discretion under well-established case law
and evidentiary rules.  A judicially-noticed fact “must be one not subject to
reasonable dispute in that it is either (1) generally known within the
territorial jurisdiction of the trial court or (2) capable of accurate and
ready determination by resort to sources whose accuracy cannot reasonably be
questioned.”  Tex. R. Evid.
201(b).  But “[p]ersonal knowledge is not judicial knowledge.  The judge may
personally know a fact of which he cannot take judicial notice.”  Wilson v.
State, 677 S.W.2d 518, 524 (Tex. Crim. App. 1984).  Moreover, the trial
court may not take judicial notice of the truth of factual statements
and allegations contained in the pleadings, affidavits, or other documents in
the file.  See, e.g., In re C.L., 304 S.W.3d 512, 514–15 (Tex.
App.—Waco 2009, no pet.); Malekzadeh v. Malekzadeh, Nos. 14-05-00113-CV
& 14-06-00341-CV, 2007 WL 1892233, at *9 (Tex. App.—Houston [14th Dist.] 2007,
pet. denied) (mem. op.); Tschirhart v. Tschirhart, 876 S.W.2d 507, 508
(Tex. App.—Austin 1994, no writ); cf. In re C.S., 208 S.W.3d 77, 81
(Tex. App.—Fort Worth 2006, pet. denied) (“It is appropriate for a court to
take judicial notice of a file in order to show that the documents in the file
are a part of the court’s files, that they were filed with the court on a
certain date, and that they were before the court at the time of the hearing.”).
 

            It is
inappropriate for a trial judge to take judicial notice of testimony even in a
retrial of the same case.  Muller v. Leyendecker, 697 S.W.2d 668, 675
(Tex. Civ. App.—San Antonio 1985, writ ref’d n.r.e.); see also Garza v.
State, 996 S.W.2d 276, 280 (Tex. App.—Dallas 1999, pet. ref’d) (“[T]rial
testimony is a mutable product of human memory and subject to different
interpretations.  It does not carry the high degree of indisputability required
to justify taking judicial notice.”).  In order for testimony from a prior
hearing or trial to be considered in a subsequent proceeding, the transcript of
that testimony must be properly authenticated and entered into evidence.  See,
e.g., In re M.C.G., No. 14-09-00644-CV, 2010 WL 5033512, at *1 (Tex.
App.—Houston [14th Dist.] Dec. 2, 2010, no pet.) (supp. op. on reh’g)
(clarifying that this court did not consider testimony from a prior hearing where
the testimony was not offered and admitted into evidence at the subsequent
trial).  

            When
evidence is the subject of improper judicial notice, it amounts to no evidence. 
See, e.g., Augillard v. Madura, 257 S.W.3d 494, 503 n.14 (Tex.
App.—Austin 2008, no pet.) (finding evidence legally insufficient to support
judgment where trial court took judicial notice of testimony from a hearing
held thirteen months earlier in the same case, but the evidence was not offered
in the second hearing); Paradigm Oil, Inc. v. Retamco Operating, Inc.,
161 S.W.3d 531, 540 (Tex. App.—San Antonio 2004, pet. denied) (finding evidence
legally insufficient to support damage award based on trial court’s judicial
notice of evidence offered at a hearing nine months earlier in the same case). 
Here, the only evidence presented on the issue of Guyton’s suitability
supported her application for appointment.  The record contains no evidence
supporting Guyton’s disqualification on the grounds of family discord, anger,
or any conflict of interest, and the testimony and evidence presented in
connection with other matters was not subject to judicial notice for the purpose
of evaluating Guyton’s suitability for appointment.  

            We therefore
conclude that the trial court abused its discretion by denying Guyton’s
application for appointment based solely on evidence that was not properly
before the court.

C.        The
ruling cannot be affirmed based on the “potential conflict of interest”
described by the trial court.  

            Although Monteau
suggests that the trial court’s ruling could be affirmed based on the
“potential conflict of interest” described by the trial court, we disagree.  The
Texas Disciplinary Rules of Professional Conduct applicable to attorneys “are
not designed to be standards for procedural decisions.”  See Tex. Disciplinary R. Prof’l Conduct
preamble ¶ 15, reprinted in Tex.
Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon 2005).  

            Significantly,
the trial court’s conclusion is based on the related but erroneous assumptions
that (1) if Guyton’s attorney could not serve as the estate’s legal
counsel, then Guyton could not serve as the estate’s dependent administrator;
and (2) the estate would incur less expense if the administrator is an
attorney.  But, the estate administrator is not prohibited from retaining counsel
for the estate.  See Tex. Prob.
Code Ann. § 242 (personal representatives are entitled to
recover “all reasonable attorney’s fees, necessarily incurred in connection
with the proceedings and management of such estate, on satisfactory proof to
the court”).  This is true whether the trial court appointed Guyton or anyone
else—including an attorney—to administer the estate.  Moreover, the executor or
administrator is entitled to be compensated for his or her services.  See
id. § 241 (executors and administrators are entitled to compensation
for administration of the estate in compliance with the Probate Code).  Again,
this is true whether the trial court appointed Guyton or anyone else—including
an attorney.  Thus, there is no basis for the assumption that appointing Guyton
as the successor administratrix would increase the estate’s expenses; the estate
can be charged separately for both legal services and estate-administration
services even when both services are performed by the same person.  See Burton
v. Bean, 549 S.W.2d 48, 51–52 (Tex. Civ. App.—El Paso 1977, no writ) (a
person who serves both as the estate’s executor and its attorney can recover
fees for legal services in addition to compensation for serving as the
executor). 

            In sum, Monteau’s failure to allege and
prove Guyton’s unsuitability to serve as the successor administratrix was not remedied
by the trial court’s assertion of additional grounds, its improper judicial
notice of all prior testimony and documents admitted in the case, or its
speculation about a potential conflict of interest.  Thus, we sustain the
issues presented by Guyton on appeal.  

III.  Conclusion

            Because the trial court’s findings of
fact and conclusions of law reveal that it failed to analyze or apply the law
correctly, its denial of Guyton’s application was an abuse of discretion.  See
In re Dep’t of Family & Protective Servs., 273 S.W.3d 637, 642–43 (Tex.
2009) (orig. proceeding).  We therefore reverse the trial court’s order appointing
Matthew B. Edquist successor dependent administrator and remand with
instructions to the trial court to grant Guyton’s application for appointment.

 

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Justices
Seymore, Boyce, and Christopher.









[1] See Tex. Prob. Code Ann. § 225 (Vernon
2003) (a successor appointee may bring suit against the predecessor appointee
“for all the estate that came into the hands of the predecessor and has not
been accounted for”); id § 233(a) (requiring the personal
representative of an estate to use ordinary diligence to collect the estate’s
claims, debts, and property, and imposing personal liability on the
representative who willfully neglects to use such diligence).





[2] Guyton presented a second
issue, which is in substance a subsidiary argument to her legal-sufficiency
challenge.  In this subsidiary argument, Guyton argues that by using family
discord as the sole basis for disqualification, the trial court improperly
applied the law to the established facts of the case; however, the trial
court’s findings of fact and conclusions of law establish that “family discord”
was only one of three reasons the trial court gave for its decision.  





[3] Although Guyton framed
her appellate arguments as a challenge to the legal sufficiency of the
evidence, review of evidentiary sufficiency is part of our abuse-of-discretion
review rather than an independent ground for reversal.  See In re Estate of
Boren, 268 S.W.3d 841, 846 (Tex. App.—Texarkana 2008, pet. denied).  Findings
of fact and conclusions of law can be helpful even where, as here, we review
the trial court’s ruling for abuse of discretion; however, we are not obliged
to give them the same level of deference we afford to findings that are
measured by evidentiary sufficiency alone.  See IKB Indus. (Nigeria)
Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 442 (Tex. 1997).





[4] We have found no binding
precedent that such grounds are sufficient to disqualify an applicant who
otherwise is entitled to priority.  In Boyles v. Gresham, the Texas
Supreme Court included the sentence, “There was no evidence that [the
applicant] was hostile to the heirs of [the decedent].”  158 Tex. at 160, 309
S.W.2d at 51.  The court accordingly was not presented with the question of
whether evidence of such hostility would be an adequate independent basis for
finding the applicant unsuitable.  Additionally, in three cases decided by the
intermediate appellate courts, “family discord” was listed among the reasons
for affirming the trial court’s finding that an applicant was unsuitable.  See,
e.g., Ayala v. Brittingham, 131 S.W.3d 3, 9 (Tex. App.—San Antonio
2003) (op. on reh’g), rev’d on other grounds sub nom. De Ayala v. Mackie,
193 S.W.3d 575 (Tex. 2006); Dean v. Getz, 970 S.W.2d 629, 634 (Tex.
App.—Tyler 1998, no pet.); Spies v. Milner, 928 S.W.2d 317, 319 (Tex.
App.—Fort Worth 1996, no writ).  But, there is no authority underlying this
line of cases: the Ayala court cited Dean; the Dean court
cited Spies; and the Spies court cited no authority for the
proposition that the presence of “family discord” supported a finding of unsuitability. 
Moreover, the “discord” appears in each case to have been a conflict of
interest between the applicant and the estate.  See, e.g., Ayala,
131 S.W.3d at 9 (executrix filed suit to set aside a marital agreement and
claimed part of the estate as her community property); Dean, 970 S.W.2d
at 634 (trial court did not abuse its discretion in concluding that applicant’s
“interests were adverse to the estate and its beneficiaries” in that she would
likely have to sue herself as well as the other beneficiaries to clear
title to estate’s real property); Spies, 928 S.W.2d at 319 (applicant
admitted that before the testator’s death, applicant took money from the
testator’s bank account and used the money without the permission of the
guardian of the testator’s estate).  Such conflicts are sufficient for
disqualification without regard for any accompanying “family discord.”  See
Olguin v. Jungman, 931 S.W.2d 607, 610 (Tex. App.—San Antonio 1996, no
writ).





[5] As the trial court stated
in its findings of fact, “[T]here have also been other documents and affidavits
and testimony offered by both parties throughout the history of this case, and
the Court was asked to take judicial notice of the entire file and testimony.”