TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00567-CV







Jill M. Johnson Logan, Individually and as Independent Executrix


of the Estate of Jim Pearce Johnson, Appellant


v.


Samuel Downing McDaniel, Appellee






FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY

NO. 69,345-C, HONORABLE GUY HERMAN, JUDGE PRESIDING






 Appellee Samuel Downing McDaniel sued Jill M. Johnson Logan, individually and
as independent executrix of the estate of Jim Pearce Johnson, in Travis County to recover
attorney's fees for representing Johnson in guardianship proceedings in Hays County that preceded
Johnson's death. Relying on an order issued during the guardianship proceedings that held
Johnson had the capacity to hire his own attorney, the Travis County Probate Court granted partial
summary judgment in favor of McDaniel. That portion of the probate proceeding was severed, 
and Logan, Johnson's daughter and independent executrix of his estate, brings this appeal. She
urges that McDaniel had no authority to represent her father and that the order issued by the Hays
County court during the guardianship proceedings was interlocutory in nature and therefore could
not have collateral estoppel or res judicata effect. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

 In August 1996, Johnson suffered what his doctors characterized as a massive
stroke. Believing the stroke rendered her father unable to competently manage his own affairs,
Logan initiated guardianship proceedings in October 1996 in the probate court of Hays County
seeking to have her father declared incapacitated and to have herself appointed guardian. On
October 17, 1996, an attorney ad litem was appointed to represent Johnson. Johnson rejected the
representation of court-appointed counsel, however, and on October 31, 1996 he signed a legal
services contract hiring McDaniel, a personal friend, to represent him. McDaniel filed pleadings
on behalf of Johnson contesting Logan's request to be appointed guardian.

 In response, pursuant to Rule 12 of the Texas Rules of Civil Procedure, Logan filed
a motion for McDaniel to show his authority to represent Johnson (the Rule 12 motion). See Tex.
R. Civ. P. 12. At a hearing on the Rule 12 motion, McDaniel called Johnson to the stand to
explain why he had hired his own attorney. In its order on the motion, the court ruled "that at
the time Mr. Johnson hired Mr. McDaniel to represent him, Mr. Johnson had sufficient capacity
to do so and therefore that Mr. McDaniel has shown authority at that time to represent him." 
That order was never severed or appealed.

 The Hays County court later appointed Johnson's son as temporary guardian of the
estate and ward. The guardianship proceeding was never closed because Johnson died on January
6, 1998, before a final order had been rendered on the guardianship application. Johnson's will
was filed in the Travis County Probate Court. McDaniel made a claim against the estate for
$76,542 in attorney's fees earned in representing Johnson during the contested guardianship
proceeding. The estate denied the claim, whereupon McDaniel filed suit in the Travis County
Probate Court seeking judgment to enforce his claim for attorney's fees. He filed a motion for
partial summary judgment seeking a determination that (1) at the time Johnson entered the legal
services agreement he had legal capacity to contract, and (2) the contract authorized McDaniel to
represent Johnson. The trial court granted partial summary judgment in favor of McDaniel, and
the claim was severed from the rest of the probate proceedings to allow Logan to bring this
appeal.


DISCUSSION

 The standards for reviewing a motion for summary judgment are well established:
(1) the movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that he is entitled to judgment as a matter of law; (2) in deciding whether there is
a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be
taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and
any doubts resolved in its favor. See Nixon v. Mr. Property Management Co., 960 S.W.2d 546,
548-49 (Tex. 1985). The function of summary judgment is not to deprive litigants of the right
to trial by jury, but to eliminate patently unmeritorious claims and defenses. See Swilley v.
Hughes, 488 S.W.2d 64, 68 (Tex. 1972).

 In his motion for partial summary judgment, McDaniel invoked the doctrines of
res judicata and collateral estoppel, asserting that the matters resolved by the Hays County Probate
Court's order on the Rule 12 motion should not be relitigated in the present cause. In response
to McDaniel's motion for summary judgment, Logan submitted doctors' letters and other evidence
disputing McDaniel's assertion that Johnson was competent to retain his own attorney when he
signed the contract for legal services with McDaniel. That evidence is sufficient to raise a fact
issue on the matter, precluding summary judgment, unless the Hays County order on the Rule 12
motion prevents redetermination of the matter of Johnson's capacity to retain his own counsel.

 The Travis County Probate Court's order on McDaniel's motion does not specify
the basis for granting partial summary judgment. Accordingly, we will uphold the court's
decision if it is correct under any theory advanced in the motion for partial summary judgment. 
See Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989); Turner v. Texas Dep't of
Mental Health & Mental Retardation, 920 S.W.2d 415, 417 (Tex. App.--Austin 1996, writ
denied).

 McDaniel sought summary judgment on both collateral estoppel and res judicata
grounds. Though the parties refer to these doctrines interchangeably, they are, in fact, distinct
doctrines with different applications. Res judicata, also known as claim preclusion, prevents
relitigation of a claim or cause of action that has been finally adjudicated in a prior suit, as well
as related matters that, with the use of diligence, could have been litigated in that suit. See Barr
v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). Collateral estoppel, or issue
preclusion, prevents relitigation of particular issues already resolved in a prior suit. See id. It
is the latter doctrine that applies in this case. More precisely, McDaniel attempts an offensive use
of collateral estoppel, in which a plaintiff seeks to stop a defendant from relitigating an issue that
the defendant has previously litigated and lost. See Fletcher v. National Bank of Commerce, 825
S.W.2d 176, 177 (Tex. App.--Amarillo 1992, no writ). (1)

 To establish the elements of collateral estoppel, a party must show that (1) the facts
sought to be litigated in the second action were fully and fairly litigated in the prior action;
(2) those facts were essential to the judgment in the prior action; and (3) the parties were cast as
adversaries in the prior action. See Thomas v. Thomas, 902 S.W.2d 621, 625 (Tex. App.--Austin
1995, writ denied) (citing Eagle Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 721 (Tex.
1990)). The first and third elements are easily met here. McDaniel's motion sought judgment
that (1) at the time Johnson entered the legal services agreement, he had legal capacity to contract;
and (2) the contract authorized McDaniel to represent Johnson. Both matters were decided in
McDaniel's favor in the order on the Rule 12 motion. (2)

 The parties to this action were also both cast as adversaries in the prior
proceedings. The opposing parties in the guardianship proceeding were Johnson and Logan. 
Logan makes much of the fact that McDaniel, acting as Johnson's attorney, was not a party to the
prior proceeding. However, it is only necessary that the party against whom the plea of collateral
estoppel is being asserted be a party or in privity with a party in the prior litigation. See Eagle
Properties, Ltd., 807 S.W.2d at 721. In the guardianship proceeding the Rule 12 motion was
filed by Logan, and it is Logan against whom the doctrine of collateral estoppel is asserted now. 
McDaniel has satisfied this element of collateral estoppel.

 This case turns, then, on the second element of collateral estoppel: whether the
facts sought to be litigated in the present action were essential to the judgment in the first action. 
Logan argues that because the order on the Rule 12 motion was merely interlocutory and the
guardianship proceeding never resulted in a final judgment in that action, the doctrine of collateral
estoppel cannot apply. Outside the context of probate proceedings, orders on Rule 12 motions
have been held interlocutory and thus not appealable. See State Bd. of Ins. v. Williams, 736
S.W.2d 259, 260-61 (Tex. App.--Austin 1987, no writ). McDaniel counters that orders that would
be considered interlocutory in other proceedings are often deemed final and appealable in the
context of a probate proceeding.

 Guardianship proceedings are governed by the Probate Code and are generally
conducted in county probate courts. See Tex. Prob. Code Ann. § 605 (West Supp. 2000). All
final orders of any court exercising original probate jurisdiction are immediately appealable to the
courts of appeals. See id. §§ 5(f), 606(f). To be deemed final and appealable, an order rendered
in a probate proceeding need not finally dispose of the entire proceeding. See Crowson v.
Wakeham, 897 S.W.2d 779, 781-82 (Tex. 1995); Kelley v. Barnhill, 188 S.W.2d 385, 386 (Tex.
1945); Youngs v. Choice, 868 S.W.2d 850, 852 (Tex. App.--Houston [14th Dist.] 1993, writ
denied). A probate proceeding consists of a continuing series of events, in which the probate
court may make decisions at various points in the administration of the estate on which later
decisions will be based. The need to review controlling, intermediate decisions before an error
can harm later phases of the proceeding has been held to justify modifying the "one final
judgment" rule. See Christensen v. Harkins, 740 S.W.2d 69, 74 (Tex. App.--Fort Worth 1987,
no writ); Tex. R. Civ. P. 301.

 It has been held that an appealable order in a probate proceeding must adjudicate
conclusively a controverted question or substantial right. See Kelley, 188 S.W.2d at 386. The
continued viability of the "substantial right" test is apparently in some doubt. See Estate of Navar
v. Fitzgerald, 14 S.W.3d 378, 380 (Tex. App.--El Paso 2000, no pet.). Be that as it may, barring
a statute making an order in a particular phase of a probate proceeding final, the supreme court
has cautioned that if pleadings in that phase raise other issues or parties that are not disposed of,
the order is interlocutory. See Crowson, 897 S.W.2d at 783. Regarding the appealability of a
probate order, the supreme court has stated:


If there is an express statute . . . declaring the phase of the probate proceeding to
be final and appealable, that statute controls. Otherwise, if there is a proceeding
of which the order in question may logically be considered a part, but one or more
pleadings also part of that proceeding raise issues or parties not disposed of, then
the probate order is interlocutory.



Id. There is no express statute providing that an order on a Rule 12 motion is final and appealable
in a probate proceeding. The question, then, is whether the Rule 12 order here disposed of each
issue raised in the pleadings for that proceeding, or whether the order conclusively disposed of
that phase of the proceeding.

 The Rule 12 motion filed by Logan asked the Hays County Probate Court to require
McDaniel to show authority to represent Johnson in the guardianship proceedings she had
initiated. In evidence at the hearing was the power of attorney her father had previously executed
in Logan's favor, a later document he signed revoking the power of attorney, the legal services
contract, and correspondence and affidavits from doctors who believed Johnson was not competent
to hire his own attorney. Johnson testified on his own behalf as to why he had retained McDaniel
to represent him. The court's order addressed only the narrow issue raised in the Rule 12 motion,
ruling that Johnson had sufficient capacity to hire McDaniel when he did so and therefore that
McDaniel had authority to represent Johnson in the ongoing guardianship proceedings. Because
no issues raised in the pleadings pertaining to the Rule 12 motion remained unresolved, we hold
that the order concluded a discrete phase of the guardianship proceedings in the probate court.

 We note that such a holding has been anticipated and approved in a similar case. 
In Coleson v. Bethan, 931 S.W.2d 706, 712 (Tex. App.--Fort Worth 1996, no writ), the court of
appeals held that an order continuing appointment of an attorney ad litem in a guardianship
proceeding was a final and appealable order. The Fort Worth court also noted that the same result
could arise in a Rule 12 motion if someone questioned the "capacity" of a client to hire an
attorney to defend against a guardianship proceeding. See id. That is precisely what happened
in this case.

 Because the Hays County order concluded a discrete phase of the guardianship
proceeding, that order was final and appealable, not interlocutory. The resolution of the issues 
in that earlier order was the basis of the motion for partial summary judgment filed by McDaniel
against Johnson's estate in Travis County. Therefore, McDaniel has satisfied the second prong
of the doctrine of collateral estoppel.


CONCLUSION We are satisfied that McDaniel has shown that (1) the issues sought to be litigated
in McDaniel's motion for partial summary judgment were fully and fairly litigated in the hearing
and order on the Rule 12 motion in the prior guardianship proceeding; (2) the order concluded
a discrete phase of that guardianship proceeding and so amounted to an appealable judgment in
the first action, and the issues sought to be litigated in the prior action were essential to that
judgment; and (3) the parties were cast as adversaries in the earlier action. We therefore hold that
the doctrine of collateral estoppel prevents Logan from relitigating the issue of her father's
capacity to retain his own counsel in the guardianship proceeding. We affirm the Travis County
Probate Court's grant of summary judgment in favor of McDaniel.



 
 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: June 15, 2000

Publish
1. McDaniel argues that because Logan asserted allegations of malpractice against him, his
use of collateral estoppel is defensive and not offensive. The summary judgment motion did not
address any malpractice counterclaims, so they are not at issue here.
2. Logan argues that the Hays County court could not have ruled that Johnson had capacity
to contract because that question was the central issue in the guardianship proceedings and could
not have been resolved in the preliminary Rule 12 hearing. We find this argument unmeritorious. 
The Hays County order on the Rule 12 motion held only that Johnson was competent to retain his
own attorney when he hired McDaniel to represent him. This holding did not address the ultimate
issue of Johnson's capacity to manage his own affairs and would not have precluded a later
determination that Johnson required a guardian to manage his day-to-day affairs.



uestion, then, is whether the Rule 12 order here disposed of each
issue raised in the pleadings for that proceeding, or whether the order conclusively disposed of
that phase of the proceeding.

 The Rule 12 motion filed by Logan asked the Hays County Probate Court to require
McDaniel to show authority to represent Johnson in the guardianship proceedings she had
initiated. In evidence at the hearing was the power of attorney her father had previously executed
in Logan's favor, a later document he signed revoking the power of attorney, the legal services
contract, and correspondence and affidavits from doctors who believed Johnson was not competent
to hire his own attorney. Johnson testified on his own behalf as to why he had retained McDaniel
to represent him. The court's order ad