Dismissed and Memorandum Opinion filed April 29, 2010.

 

 

 

In The

                                                                                                         

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00047-CV

____________

 

ROMANA LUVIANO AND ROXANA SANCHEZ, Appellants

 

V.

 

CATALINA LUVIANO, Appellee

 



 

On Appeal from the Probate Court No. 4

Harris County, Texas

Trial Court Cause No. 377,546

 



 

MEMORANDUM
OPINION

This is an attempted appeal from an order signed December 2,
2009.  The clerk’s record was filed on February 12, 2010.  

            In
2007, Ranferi Luviano died in an explosion.  On July 7, 2007, his widow,
Catalina Luviano, sued Nunn Constructors, Ltd., Nunn Protective Coatings, Aqua
Services, L.L.P., and Montgomery County Utility District #2 for wrongful
death.  Later, AEI Engineering was added as a defendant.  Catalina filed suit
on her own behalf and on behalf of Ranferi’s five minor children.  On March 25,
2008, appellants, Romana Luviano and Roxana Sanchez, filed applications to
determine heirship, claiming to be Ranferi’s daughters from a prior
relationship.  On June 15, 2009, Catalina and the children settled their
lawsuit with AEI Engineering.  

On December 2, 2009, the trial court signed an order granting
Catalina’s motion to approve the settlement agreement with AEI.  Appellants
moved to sever the order from the remainder of the estate, but the trial court
denied their motion.  Appellants are attempting to appeal the December 2, 2009
order.

            Generally,
appeals may be taken only from final judgments.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Whether the appellate court has
jurisdiction over this interlocutory appeal depends on several factors. 
Probate proceedings give rise to a recognized exception to the general rule
that only final judgments are appealable because multiple judgments may be
rendered on discrete issues before the entire probate proceeding is concluded. 
See Brittingham-Sada de Ayala, 193 S.W.3d 575, 578 (Tex. 2006). 
However, not all probate orders are appealable.  Id.  Determining
whether attributes of finality exist sufficient to confer appellate
jurisdiction over an order arising from a probate proceeding, depends on whether
the order resulted from the adjudication of a substantial right or disposed of
all issues in a particular phase of the proceeding.  Id.  The supreme court
has adopted the following standard to determine whether an order in a probate
matter is appealable:

If there is an express statute, such as the one for the
complete heirship judgment, declaring the phase of the probate proceedings to
be final and appealable, that statute controls. Otherwise, if there is a
proceeding of which the order in question may logically be considered a part,
but one or more pleadings also part of that proceeding raise issues or parties
not disposed of, then the probate order is interlocutory.

Crowson v.
Wakeham, 897 S.W.2d
779, 783 (Tex.1995).

In this case, there is no relevant rule or statute that makes
an order approving a settlement agreement final and appealable.  The order
approving the settlement agreement with AEI Engineering is not an appealable
“final order” under section 5(g) of the Probate Code because the order does not
dispose of all of the parties to the underlying suit.  See Logan v. McDaniel,
21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied) (“[B]arring a statute
making an order in a particular phase of a probate proceeding final, the
supreme court has cautioned that if pleadings in that phase raise other issues
or parties that are not disposed of, the order is interlocutory.”).  Further,
the record reflects that the estate is not closed so the probate proceeding is
not final.  Finally, the trial court denied appellants’ motion for severance.  

            On April 5, 2010, notification was transmitted to the parties
of this court’s intention to dismiss the appeal for want of jurisdiction unless
on or before April 15, 2010, appellants filed a response demonstrating grounds
for continuing the appeal.  See Tex.
R. App. P. 42.3(a).  Appellants
filed no response.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

 

Panel consists of Justices
Frost, Seymore, and Boyce.