

# NUMBER 13-20-00476-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## GUARDIANSHIP OF MARGARET VIRGINIA LANDGREBE

On appeal from the County Court
of Gonzales County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Perkes
Memorandum Opinion by Justice Hinojosa**

The Gonzales County probate court granted an application for the sale of real estate filed by appellee Craig Hopper, guardian of the estate of Margaret Virginia Landgrebe. Appellant Lillian Smith filed an appeal seeking reversal of the order. In response, Hopper filed an emergency motion to dismiss the appeal on jurisdictional grounds. Because we conclude that we do not have jurisdiction, we do not address the merits of the appeal and dismiss the case for lack of jurisdiction.

# I. BACKGROUND

The real property at issue is Landgrebe's family ranch. Landgrebe is ninety-years old and has been deemed "a totally incapacitated person, without capacity to care for herself, to manage her property, to operate a motor vehicle, and to make personal decisions regarding residence." On June 12, 2020, the Gonzales County probate court appointed Hopper as permanent guardian of Landgrebe's estate. Smith, Landgrebe's daughter, did not object to Hopper's appointment, acknowledging in a Rule 11 agreement that she "lacked standing to participate in the guardianship proceeding" and "was disqualified to serve as guardian."

On July 28, 2020, Hopper filed his Inventory, Appraisement, and List of Claims to the court, which revealed that Landgrebe's estate was worth approximately $9.3 million, primarily comprised of non-liquid, real estate assets. He also disclosed that the IRS had filed two Notices of Federal Tax Liens against Landgrebe, totaling approximately $2.6 million with monthly interest and penalties accruing at $11,000 per month. According to the record, Hopper claims the IRS intends to foreclose upon Landgrebe's family ranch sometime in mid-December of this year. Consequently, to obtain full-market price for the ranch, Hopper filed an Application for Sale of Real Property on September 28, 2020.

Smith filed an objection to the proposed sale of Landgrebe's real property. Landgrebe's grandchildren, Ashley Culpepper and Landon Hutchens (Smith's children), also filed objections. Hopper responded to these objections claiming that neither Smith, Culpepper, nor Hutchens had standing to object.

At the hearing on the application for sale of property, Hopper testified that while he had only spoken to the IRS once, the accounting company he hired to assist with the inventory of Landgrebe's estate had also had discussions with the federal agency. Hopper stated the IRS relayed that it was disinclined to negotiate a payment plan for the back taxes and penalties because Landgrebe's estate has assets that can dispose of the debt in one sale. Further, Hopper testified that no "good cause" existed to waive any penalties. Hopper's application was limited to the sale of certain real estate and not any of Landgrebe's mineral interests, which currently earn approximately $110,000 monthly. Hopper testified that he believed the sale of property was in the best interest of the ward to preserve as much of her estate as possible to adequately provide for her necessary personal and medical care.

The probate court granted the application on October 27, 2020. Smith filed an appeal on November 5, 2020, seeking reversal of the trial court's order. Hopper filed a motion to dismiss the appeal, arguing that the order is interlocutory and not a final judgment from which Smith can appeal.

## II.  JURISDICTION

An appellate court reviews de novo whether it has jurisdiction over an appeal because jurisdiction is a legal question. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Saleh v. Hollinger*, 335 S.W.3d 368, 370 (Tex. App.—Dallas 2011, pet. denied). As a general rule, "with a few mostly statutory exceptions," appellate courts have jurisdiction only over final judgments. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020) (citing *Lehmann v. Har-Con*

3

*Corp.,* 39 S.W.3d 191, 195 (Tex. 2001)); *see also Okumu v. Wells Fargo Bank, N.A.*, No. 02-09-384-CV, 2010 WL 87735, at *1–2 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (mem. op.). The estates code (formerly the probate code) provides that a final order issued by a probate court is appealable to the court of appeals. *See* TEX. ESTATES CODE ANN. § 32.001(b).

Texas law, however, recognizes that probate law has some exceptions to the general rule regarding appeals from final judgments. *See De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006); *Crowson v. Wakeham,* 897 S.W.2d 779, 781 (Tex. 1995). This is because "[p]robate proceedings consist of a continuing series of events in which the probate court may make decisions at various points in the administration of an estate on which later decisions will be based." *Logan v. McDaniel,* 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). Therefore, there are exclusions to the "one final judgment" rule for these cases because of the need to review "controlling, intermediate decisions before an error can harm later phases of the proceeding." *Id.*

To determine whether an order is final under the probate code, and therefore appealable, the Texas Supreme Court has set forth the following test:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson,* 897 S.W.2d at 783; *see also De Ayala,* 193 S.W.3d at 578.

The Texas Estates Code § 1158.556 guides our analysis in this case. *See* TEX. ESTATES CODE ANN. § 1158.556. This provision is entitled "Confirmation or Disapproval

4

Order" and provides as follows:

(a) If the court is satisfied that a sale reported under Section 1158.551 was for a fair price, was properly made, and was in conformity with law, and the court has approved any increased or additional bond that the court found necessary to protect the estate, the court shall enter an order:

   (1) confirming the sale;
   (2) showing conformity with the provisions of this chapter relating to the sale;
   (3) detailing the terms of the sale; and
   (4) authorizing the guardian of the estate to convey the property on the purchaser's compliance with the terms of the sale.

(b) If the court is not satisfied that the sale was for a fair price, was properly made, and was in conformity with law, the court shall issue an order setting aside the sale and ordering a new sale to be made, if necessary.

(c) The court's action in confirming or disapproving a report of a sale *has the effect of a final judgment*. Any person interested in the guardianship estate or in the sale is entitled to have an order entered under this section reviewed as in other final judgments in probate proceedings.

*See id.* (emphasis added).

### III.    ANALYSIS

The probate court approved the guardian's application to sell the family ranch on October 27, 2020. The order set forth "that after the sale has been made, a report of the sale shall be returned in the manner required by law and funds from the sale shall only be released to Applicant after this Court determines the sufficiency of Applicant's bond when it acts on the report of sale." In other words, the order was the first step in selling the property at issue, not the last one. This order is consistent with § 1158.556(c) of the estates code, which provides that "the court's action in confirming or disapproving a report of a sale has the effect of a final judgment." *See id.*

5

Smith argues that "this controversy was disposed of and conclusive of this particular part of the proceeding once the trial court granted the [a]pplication. There is nothing further to resolve. The fact that the [g]uardian will report to the court what the ranch sold for after the sale is irrelevant to the controversy." We disagree. Under *Crowson*, because this case has not reached "the express statute . . . declaring the phase of the probate proceedings to be final and appealable," the order before us approving the application is just a "part" of the proceeding and interlocutory. *See id.; Crowson*, 897 S.W.2d at 783; *De Ayala,* 193 S.W.3d at 578.

Under our de novo review, we conclude the order granting the application for sale of Landgrebe's real property is not a final, appealable order. *See Mayhew*, 964 S.W.2d at 928. Therefore, we do not have jurisdiction over the appeal. *See id*.; *see also In re Estate of Frenzel*, No. 13-07-0031-CV, 2009 WL 2192656, at *3 (Tex. App.—Corpus Christi–Edinburg July 23, 2009, no pet.) (mem. op.) (dismissing a probate case for lack of jurisdiction when the trial court had not fully disposed of all remaining issues).

## IV.   CONCLUSION

We grant Hopper's motion to dismiss and dismiss this appeal for lack of jurisdiction.

LETICIA HINOJOSA
Justice

Delivered and filed the
10th day of December, 2020.

6