# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00132-CV

**Elena Karets, Appellant**

**v.**

**Christen Mark Anthony Gumbs and Marita Martina Gumbs, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 19-1124-CP4, THE HONORABLE JOHN B. MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Elena Karets seeks to appeal from a judgment signed in a probate proceeding. Because we conclude that the judgment is not an appealable judgment, we dismiss the appeal for want of jurisdiction.

Generally, this Court has jurisdiction over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *Id.* Probate proceedings, however, are an exception to the "one final judgment" rule. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). A probate proceeding consists of a continuing series of events, in which the probate court may make decisions at various points in the administration of the estate on which later decisions will be based. *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). Therefore, in a probate proceeding, an order on a discrete issue is appealable before the entire proceeding is concluded if an express statute declares that phase of the proceeding from which

the order arises to be final and appealable or if the order disposes of all parties or issues for which the particular part of the proceeding was brought. *De Ayala*, 193 S.W.3d at 578; *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).

In this case, after Victor Gumbs died without a will in October 2019, Karets filed an application for determination of heirship and letters of administration in his estate.[1] In her application, Karets identified three heirs: herself, as Victor's common-law spouse; Marita Martina Gumbs, as his adult daughter; and Christen Mark Anthony Gumbs, as his adult son. In a subsequent amended application for determination of heirship, Karets identified three additional heirs: Jose Gonzalez, Victor Gonzalez, and Gabriella Gonzalez, as Victor's grandchildren by a son that predeceased him. In her application, Karets also sought declaratory relief, specifically, a declaration that she "[was] decedent's spouse." Karets alleged that she and Victor entered into a domestic partnership on July 25, 2018, and "represented to others that they [were] married."

Christen later filed a counter-application for determination of heirship and letters of dependent administration. Christen's counter-application, like Karets's application, identified Victor's known heirs as himself, his sister Martina, and Victor's three grandchildren. According to Christen's counter-application, however, Victor was not married at the time of his death.

On February 26, 2021, following an evidentiary hearing, the trial court signed a "final judgment on petition for declaratory judgment and order after trial before the court." Karets then filed her notice of appeal in this Court, seeking review of the February 2021 judgment.

The Clerk of this Court notified Karets by letter that it appeared from the clerk's record that this Court lacks jurisdiction over her appeal. In response to our jurisdictional inquiry,

---

[1] Because the decedent shares the same last name as the appellees, for clarity we will refer to the decedent and the appellees by their first names.

Karets contends that the trial court's judgment is final and appealable under Section 202.202 of the Texas Estates Code. Under that provision, a judgment in a proceeding to declare heirship is a final, appealable judgment. *See* Tex. Est. Code § 202.202. A final judgment in a proceeding to declare heirship must include the names of the heirs of the decedent and the heirs' respective shares and interests in the decedent's property. *See id.* § 202.201(a)(1), (2) ("Required Statements in Judgement"). A certified copy of that judgment may then be filed for record in the office of the county clerk, recorded in the deed records, and indexed in the name of the decedent as grantor and in the name of the heirs as grantees. *See id*. § 202.206.

Here, in its February 2021 judgment, the trial court found that (1) Victor and Karets lived together in Texas and co-owned real property in Georgetown; (2) "[t]here was no agreement to be married between [Victor] and [Karets]"; and (3) "[t]here was no informal marriage between [Victor] and [Karets]." The trial court also directed how the proceeds from the sale of the Georgetown property would be distributed between Karets and Victor's estate. The trial court did not, however, make any determinations as to any other potential heirs or their respective shares and interests in the estate, as pleaded by both Karets and Christen. Consequently, that part of the heirship proceeding remains pending, and the trial court's February 2021 judgment is interlocutory and not reviewable on appeal.[2] *See Crowson*, 897 S.W.2d 782-83 (concluding that summary judgment determining that appellant was not decedent's common-law spouse was interlocutory because it did not dispose of appellees' pending heirship claims); *In re Estate of*

---

[2] Karets contends that the trial court's judgment is final and appealable under Section 202.202, despite the fact that it does not name any heirs or their respective interests, *see* Tex. Est. Code § 202.201, because the judgment "resolved all disputed issues and the sole remaining parties were aligned." While it may be true, as Karets suggests, that the parties do not disagree as to who are Victor's remaining heirs, nothing in the record indicates that this agreement as to heirship and rights in the estate has been reduced to a final judgment. *See id*. §§ 202.201, .202.

*Goswami*, No. 05-19-00208-CV, 2019 Tex. App. LEXIS 7617, at *2 (Tex. App.—Dallas Aug. 23, 2019, no pet.) (mem. op.) (concluding that order denying counter-application to determine heirship was interlocutory because original application to determine heirship remained pending); *In re Estate of Wright*, No. 05-14-00256-CV, 2014 Tex. App. LEXIS 5315, at * 3 (Tex. App.—Dallas 2014, no pet.) (mem. op.) (concluding that order declaring that appellant was not decedent's common-law spouse was interlocutory because claim as common law spouse was "part of the larger heirship proceeding that [had] not been finally determined" by trial court); *In re Estate of Loveless*, 64 S.W.3d 564, 570 (Tex. App.—Texarkana 2001, no pet.) (concluding that summary judgment determining that appellant was not decedent's common-law spouse was interlocutory because it did not address rights of other heirs identified in appellant's pleadings). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed: July 8, 2021