

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00065-CV

_____

IN THE ESTATE OF FLORENCIO HERNANDEZ LOPEZ, DECEASED

On Appeal from the Probate Court No. 2
Bexar County, Texas
Trial Court No. 2022-PC-00992

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Timothy Lopez appeals the trial court's June 21, 2023,[1] order granting Sandra Kristin Lopez-Garza's no-evidence motion for summary judgment.[2]  The clerk's record and a supplemental clerk's record were filed on August 25, 2023.  Upon review of the record, we noted a potential defect in the Court's jurisdiction over this appeal.

Appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute.  *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Supp.).  "A judgment is final for purposes of appeal if it disposes of all pending parties and claims." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  "Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law."[3]  TEX. R. CIV. P. 301.  In *De Ayala*, the Texas Supreme Court stated that a probate court order is interlocutory when it does "not dispose of all parties or issues in a particular phase of the proceedings." *De Ayala*, 193 S.W.3d at 579 (citing *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)).  However, "[a] final order issued by a probate court is appealable to the court of appeals." TEX. EST. CODE ANN.

---

[1]The order was signed by Associate Judge Carmen Samaniego on June 8, 2023, and was signed by Presiding Judge Veronica Vasquez on June 21, 2023.  We assume, for purposes of this appeal, that the order was signed on June 21, 2023.

[2]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

[3]However, "[p]robate proceedings are an exception to the 'one final judgment' rule[.]" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006).  In *De Ayala*, the Texas Supreme Court stated that "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* (quoting *Lehmann*, 39 S.W.3d at 192).  "The need to review 'controlling, intermediate decisions before an error can harm later phases of the proceeding' has been held to justify this rule." *Id.* (quoting *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied)).  That is not the case in the matter currently before this Court.

§ 32.001(c). The Texas Supreme Court has adopted the following test to determine when a court order in a decedent's estate is final and appealable:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*De Ayala*, 193 S.W.3d at 578 (quoting *Crowson*, 897 S.W.2d at 783).

In this case, the trial court's June 21, 2023, summary judgment order did not dispose of all the claims in the litigation. More specifically, Lopez's objection to the acceptance of the inventory (disputing valuations) and Lopez-Garza's original petition for declaratory judgment were not resolved in the summary judgment order. In addition, nothing in the record indicates that the claims resolved in the summary judgment order were severed from the remaining claims. Under these circumstances, the June 21, 2023, summary judgment order is not a final, appealable order.

By letter dated August 25, 2023, we notified Lopez of this potential jurisdictional defect and afforded him the opportunity to demonstrate our appellate jurisdiction, notwithstanding the noted defect. Although Lopez did not file a response to our letter, he did file a response to Lopez-Garza's motion to dismiss,[4] which we deemed a response to our letter. Regardless, Lopez's response failed to convince this Court that it has jurisdiction over this attempted appeal.

---

[4]Lopez-Garza filed a motion to dismiss on August 18, 2023, claiming that we lacked jurisdiction because the trial court's order was not final and appealable and that we should dismiss the appeal because Lopez had not complied with certain provisions of the Texas Rules of Appellate Procedure. Lopez-Garza's motion further sought an award of damages under Rule 45 of the Texas Rules of Appellate Procedure, claiming that the appeal is frivolous. Given our disposition of this appeal, we deny Lopez-Garza's motion to dismiss as moot. Additionally, we do not find that

3

We find that the trial court's June 21, 2023, order was not final and appealable. Consequently, we are without jurisdiction over this appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.


Charles van Cleef
Justice

Date Submitted:     September 12, 2023
Date Decided:       September 13, 2023

---

an award of damages is warranted under these circumstances and deny Lopez-Garza's motion for an award of damages under Rule 45.