**VACATE and DISMISS and Opinion Filed November 14, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00257-CV

## IN THE ESTATE OF VICTORIA GOSWAMI, DECEASED

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-17-02806-2**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Goldstein

This appeal challenges the probate court's December 20, 2022 judgment granting appellee's application to determine heirship and determining appellee to be decedent's husband and heir. Because the probate court lacked plenary power over the heirship proceeding at the time it signed the judgment, we vacate the judgment as void and dismiss the appeal. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). Due to the multidimensional nature of the probate proceedings, we provide context to this determination.

# BACKGROUND

The appealed judgment was signed during the administration of decedent's estate, which, without a determination of whether appellee and decedent were married at the time of decedent's death and whether any of decedent's property was community property, cannot close. As reflected in the record, the underlying case began in August 2017 when appellee, believing decedent had died intestate, filed an application for independent administration. The application asserted appellee was decedent's husband.

Denying decedent was married at the time of her death, decedent's mother contested the application, and in December 2017, on the application of one of decedent's sisters, the probate court appointed a temporary administrator. Two months later, appellee filed his heirship application, which was subsequently amended, asserting again that he was decedent's husband.

Appellee's application was contested by appellant, one of decedent's brothers, who filed a counter-application to determine heirship in May 2018.[1] The probate court held a hearing on the competing applications in November 2018, and in January 2019, signed an order denying appellant's application. The record reflects no order on appellee's heirship application was signed. In January 2020, after decedent's will, naming appellant as the sole beneficiary of the estate, had been

---

[1] Appellant filed the counter-application jointly with decedent's mother. Decedent's mother is not a party to this appeal.

located, the court signed an order to "abate ruling on the Application to Determine Heirship and the Amended Motion for Entry of Final Judgment of the Estate of VICTORIA GOSWAMI, DECEASED until the conclusion of the will contest."

Following a contested hearing, the will was admitted to probate in September 2020.[2] On April 16, 2021, asserting the probate court could no longer proceed on appellee's pending heirship application "in light of the administration of the Will to probate," appellant filed a motion to dismiss the application. The motion was combined with a petition for a declaratory judgment seeking a declaration that decedent and appellee were never married. On October 4, 2021, the probate court granted the motion and dismissed appellee's heirship application. The court, however, did not rule on the declaratory judgment petition, leaving the issue of whether decedent was married at the time of her death unresolved. No motion for new trial or reconsideration was filed challenging the dismissal of appellee's heirship application, and the administration of decedent's estate continued.

The probate court's docket sheet reflects the court held scheduling conferences on November 4 and December 7, 2022. On December 8, 2022, appellee filed an affidavit in support of his heirship application, and two weeks later, the probate court signed the appealed judgment. The judgment recites that it "memorializes" the court's ruling following the November 2018 hearing and that the

---

[2] The order admitting the will to probate also appointed the temporary administrator as the dependent administrator after the independent executor named in the will declined to serve.

–3–

October 2021 order dismissing appellee's heirship application "was improvidently granted." The judgment also vacates the order, reinstates the application, and finds and concludes appellee and decedent were married at the time of decedent's death, appellee and decedent's mother and siblings are decedent's statutory heirs, and that, because decedent died with a will, the "judgment . . . only affect[s] the characterization of property and spousal rights, and any resulting intestacy, if any, from the dispositive provisions of the will."

## DISCUSSION

It is well-settled that a trial court's plenary power over a final judgment, that is, a judgment that disposes of all parties and claims, generally expires thirty days after the judgment is signed unless a motion for new trial or to modify judgment is timely filed. *See* TEX. R. CIV. P. 306a(1), 329b(d)(e); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). It is also well-settled that action taken outside a trial court's plenary power is void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

Although generally only one final judgment may be rendered in a cause, probate cases are an exception. *See* TEX. R. CIV. P. 301; *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Because probate cases generally consist of a continuing series of events, and decisions made later in the proceedings may be based on decisions made earlier in the proceedings, controlling, intermediate decisions may be deemed final and appealable to prevent "harm" in later

–4–

proceedings. *See De Ayala*, 193 S.W.3d at 578; *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). A judgment in a probate proceeding is deemed final even when other issues remain pending if a statute expressly declares the phase of the probate proceeding to be final and appealable or the judgment adjudicates a substantial right and disposes of all issues and parties "in the phase of the proceeding for which it was brought." *See De Ayala*, 193 S.W.3d at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)).

Because section 202.202 of the estates code declares a judgment in an heirship proceeding to be final, and the October 2021 order dismissing appellee's application disposed of the last claim in the heirship proceeding, it appeared the October 2021 order was final and triggered the running of the probate court's plenary power over it. *See* TEX. EST. CODE ANN. § 202.202; TEX. R. CIV. P. 329b(d). And because no motion for new trial or for reconsideration was filed, it appeared the probate court's plenary power over the heirship proceeding expired thirty days later, and the appealed judgment, signed well over a year after the court's plenary power expired, was void. *See* TEX. R. CIV. P. 329b(d); *Latty*, 907 S.W.2d at 486.

Because an appellate court lacks jurisdiction over the merits of an appeal from a void judgment, and may only vacate the judgment and dismiss the appeal, we questioned our jurisdiction over the appeal. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.2d 621, 623 (Tex. 2012) (per curiam); *Latty*, 907 S.W.2d at 486. In jurisdictional briefing filed at our request, appellant does not dispute the judgment

is void because it was signed outside the probate court's plenary power[3] and should be vacated.[4]  Accordingly, because the probate court's plenary power over the heirship proceeding had expired when the judgment was signed, we vacate the judgment as void and dismiss the appeal.[5]  *See id.*

/Bonnie Lee Goldstein/
_____
BONNIE LEE GOLDSTEIN
230257F.P05                                                  JUSTICE

---

[3] Appellant asserts a second reason the judgment is void.  Citing section 202.002 of the estates code, he argues the judgment is void because decedent's will was admitted to probate.  Although a proceeding to declare heirship is generally filed when a person dies intestate, an heirship proceeding may also be filed when, as here, a will has been probated but no final disposition of the property has been made in the administration.  *See* TEX. EST. CODE § 202.002(1), (2)(B).

[4] Appellee, though given an opportunity, did not respond to appellant's jurisdictional brief.

[5] This leaves intact the court's January 2019 order denying appellant's application and the October 2021 order dismissing appellee's application and leaves the issue of whether appellee and decedent were married at the time of decedent's death to be determined by appellant's pending petition for declaratory judgment.  *See Latty*, 907 S.W.2d at 486.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF VICTORIA
GOSWAMI, DECEASED

No. 05-23-00257-CV

On Appeal from the Probate Court
No. 2, Dallas County, Texas
Trial Court Cause No. PR-17-02806-2.
Opinion delivered by Justice
Goldstein, Justices Garcia and Miskel
participating.

In accordance with this Court's opinion of this date, we **VACATE** the probate court's December 20, 2022 judgment and **DISMISS** the appeal.

We **ORDER** that appellee Eduardo Renteria recover his costs, if any, of this appeal from appellant Martino Rivaplata.

Judgment entered November 14, 2023.