**DISMISS and Opinion Filed December 21, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00967-CV

## IN THE GUARDIANSHIP OF RICHARD LEON MEANKINS

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-23-03429-2**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Appellant filed the underlying suit seeking temporary and permanent guardianship of her father. Although the trial court has yet to rule on the request for permanent guardianship and the record before us reflects a motion for guardian ad litem is pending, appellant has appealed the following orders: (1) order authorizing the administrative assistant in the Office of Court Investigation to obtain protected information for use by the assigned court investigator, (2) order appointing a court investigator and authorizing the court investigator full access to information, (3) order denying appellant's request for appointment of counsel, (4) order appointing an attorney ad litem for appellant's father, (5) order dismissing "as expired" the

application for temporary guardianship and authorizing the attorney ad litem to file an application for fees, and (6) order approving the attorney ad litem's motion for fees and continuing the appointment. Because the orders are not appealable, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

It is well-settled that an appeal may generally only be taken from a final judgment that disposes of all claims and parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, because probate and guardianship cases generally consist of a continuing series of events, and decisions made later in the proceedings may be based on decisions made earlier in the proceedings, a judgment in a probate or guardianship proceeding is deemed final even when other issues remain pending if (a) a statute expressly declares the phase of the probate proceeding in which the judgment is rendered to be final and appealable or (b) the judgment adjudicates a substantial right and disposes of all issues and parties in the phase of the proceeding in which it is rendered such that it would be properly severable. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)); *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied); *see also Guar. Fed. Sav. Bank v. Horsehoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990) (claim is properly severable if controversy involves more than one cause of action, severed claim could be proper subject of independently asserted lawsuit; and severed claim is not so

interwoven with the remaining claims that the claims involve the same facts and issues.").

Because neither circumstance appeared to apply here, we questioned our jurisdiction over this appeal and directed appellant to file a letter brief addressing our concern. Appellant complied, but her response addresses the circumstances that warrant review of the trial court's orders[1] rather than the question of the appealability of the orders.

No statute authorizes the appeal of any of the challenged orders, and the orders do not adjudicate a substantial right or dispose of all claims and parties in the phase of the proceeding in which they were rendered such that they would be properly severable. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 658. Therefore, we lack jurisdiction and dismiss this appeal and all pending motions. *See* TEX. R. APP. P. 42.3(a).

230967f.p05

/Bill Pedersen, III//
_____
BILL PEDERSEN, III
JUSTICE

---

[1] Additionally, appellant motions for a trial by jury, appointment of counsel, and appointment of special master.



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

IN THE GUARDIANSHIP OF
RICHARD LEON MEANKINS

No. 05-23-00967-CV

On Appeal from the Probate Court
No. 2, Dallas County, Texas
Trial Court Cause No. PR-23-03429-2.
Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Garcia participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 21st day of December, 2023.