

IN THE
TENTH COURT OF APPEALS

No. 10-24-00366-CV

IN THE ESTATE OF
RICHARD LEON MEANKINS, DECEASED

From the County Court at Law
Navarro County, Texas
Trial Court No. P-19707

## MEMORANDUM OPINION

Pro se appellant, Deloris Phillips, attempts to appeal from an order of the trial court appointing an attorney ad litem to represent the unknown heirs of the decedent in the underlying estate proceeding. Because we find that the order is not a final judgment for purposes of appeal or an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

## Background

On November 29, 2023, Phillips filed an application for letters of administration concerning the estate of Richard Leon Meankins in Dallas County, Texas. Phillips filed a motion to transfer venue to Navarro County, Texas on June 28, 2024, which was granted

on the same date. On November 19, 2024, respondent David Joseph Meankins filed into the underlying case an application for declaration of heirship along with a motion to appoint an attorney ad litem to represent the decedent's unknown heirs. The trial court signed an order appointing an attorney ad litem to represent the unknown heirs on November 20, 2024. *See* TEX. EST. CODE ANN. § 202.009 ("The court shall appoint an attorney ad litem in a proceeding to declare heirship to represent the interests of heirs whose names or locations are unknown"). It is from this order that Phillips attempts to appeal.

**Analysis**

Generally, appeals may be taken only from final judgments or interlocutory orders that are authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, because probate proceedings generally consist of multiple discreet phases, and decisions made in later phases may be based on decisions made in earlier phases, special rules have been developed with regard to finality and appealability in probate proceedings. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). A judgment in a probate proceeding is deemed final even when other issues remain pending if either (1) a statute expressly declares the phase of the probate proceeding in which the judgment is rendered to be final and appealable or (2) the judgment adjudicates a substantial right and disposes of all issues and parties in the phase of the proceeding in which it is rendered. *See id.* (quoting *Crowson v. Wakeham*, 897

S.W.2d 779, 783 (Tex. 1995)); *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied).

Recognizing that neither circumstance appeared to apply here, by letter dated December 6, 2024, we informed Phillips that this appeal may be dismissed for lack of jurisdiction unless she filed a response within ten days showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). Phillips responded with a request for an extension of time to file her response.[1]

No statute expressly authorizes the appeal of this challenged order. Further, the order appointing an attorney ad litem to represent the interests of the unknown heirs does not adjudicate a substantial right or dispose of all claims and parties in the phase of the proceeding in which it was rendered. *See Est. of Harris*, No. 02-17-00108-CV, 2017 Tex. App. LEXIS 5487, 2017 WL 2590574, at *5 (Tex. App.—Fort Worth June 15, 2017, pet. denied) (mem. op.) (dismissing for want of jurisdiction an appeal from the trial court's order overruling the appellant's objections to the appointment of an attorney ad litem to represent unknown heirs). The "complete heirship judgment" – the judgment naming the heirs of the decedent and their respective shares and interests – is expressly declared by statute to be final and appealable. *See* TEX. EST. CODE ANN. §§ 202.201, 202.202; *Crowson*, 897 S.W.2d at 783; *Est. of Harris*, No. 02-18-00414-CV, 2019 Tex. App. LEXIS 1563,

---

[1] Phillips also filed a motion to suspend and stay the underlying proceeding and previously filed a motion to suspend all duties, authorities, and powers of the ad litem.

2019 WL 983772, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, pet. denied) (mem. op.).   An order appointing an attorney ad litem to represent the unknown heirs of a decedent is a component of the determination-of-heirs phase of the proceeding.   *See* TEX. EST. CODE ANN. at §§ 202.001-202.206.   Stated differently, the trial court's order appointing an attorney ad litem to represent the interests of the unknown heirs is "more like a prelude than a finale" and "sets the stage" for the resolution of the determination of heirship.   *See De Ayala*, 193 S.W.3d at 578-79.

We find that the order from which Phillips attempts to appeal is a non-appealable, interlocutory order.   As such, we lack jurisdiction of the appeal, and we dismiss this appeal and all pending motions.

STEVE SMITH
Justice

Before Chief Justice Johnson
  Justice Smith, and
  Justice Harris
Appeal dismissed
Opinion delivered and filed January 16, 2025
[CV06]

